WILLIAM H. BARNETT'S EXECUTRIX, Respondent, v. MICHAEL CLOONEY, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Mechanic's Lien**: FILING OF SECOND LIEN REMEDYING DEFECT IN FIRST: RIGHT TO ENFORCE. Where a mechanic's lien filed upon an account is defective, the mechanic claiming the benefit of the law may, within the statutory period, file another lien upon the same account, remedying the defect, and proceed to enforce it.

2. ———: EVIDENCE: INSTRUCTION. In a suit to enforce such second lien, where plaintiff had no direct evidence that brick furnished by him for a building entered into the construction of the building, but did have direct evidence tending to show that all the brick used in its construction were furnished by him, and it appeared inferentially that the brick so furnished did enter into the construction of the building, and plaintiff's recovery was for less than it probably would have been had the brick been directly traced into the building, an instruction asked by defendant in the nature of a demurrer to the evidence was properly refused.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*M. McKeag* for appellant.

The variance between Banker and Edwards in the first notice, and Banker and Edwards Building Company in the lien was immaterial. Banker and Edwards was the name first entered in the books of plaintiff. They were known by that name, both by plaintiff and defendant. *Shaeffer v. Phoenix Brewing Co.*, 4 Mo. App. 115; *International Ins. Co. v. Davenport et al.*, 57 Mo. 289; *Haskells*, 14 Mo. App. 100; *President, etc., of St. Vincent College v. Shaefer*, 109 Mo. 268.

Plaintiff is entitled to only one valid lien for the same account, and, if the first lien was valid, the second lien, upon which this suit was instituted, was void. *Mulloy v. Lawrence*, 31 Mo. 683; *Davis et al. v. Schuler et al.*, 38 *Id.* 24; *South Mo. Lumber Co. v. Wright*, 114 *Id.* 326; *Hormann v. Wirtel*, 59 Mo. App. 646.

Material must actually go into the construction of the building before a lien can be acquired for it. The testimony failed to show that all the brick sued for were delivered at the building, and only tended to prove that about one thousand went into the building. The court, therefore, erred in refusing the instruction asked at the close of plaintiff's testimony. *Simmons, Grath & Co. v. Milo Corrier et al.*, 60 Mo. 581; *Grace v. Nesbitt*, 109 *Id.* 10.

*T. J. Rowe* for respondent.

The variance between the allegations of the petition and the proof is not fatal, and the proof sustains the lien. R. S. 1889, sec. 2113, p. 553.

A lienor is not obliged to take any chances, and, if his lien is defective, he has the right to cure the defect by filing another lien. *Davis v. Schuler*, 38 Mo. 28; *South Mo. Lumber Co. v. Wright*, 114 *Id.* 331.

ROMBAUER, P. J.—The plaintiff recovered a judgment on mechanic's lien against the property of the appellant. The latter assigns two errors which he claims should lead to the reversal of the judgment. One is that there is no substantial evidence in the record that the material sued for entered into the construction of building; the other is that the plaintiff needlessly filed two mechanic's liens for the same account, and thereby lost his right to enforce either. The cause was tried by the court sitting as a jury, and the only instruction asked by the defendant was one in the nature of a demurrer to the evidence, which the court refused. No instructions were given for the plaintiff or by the court of its own motion.

It was admitted that two liens were filed upon the same account. The first lien paper filed which is not in the record, but the contents of which are stated in plaintiff's reply to defendant's answer, stated that plaintiff's contract was made with Banker and Edwards; also, that they were the contractors for the erection of the building, whereas in point of fact plaintiff's contract was made with the Banker and Edwards Building Company, a corporation, and said building company was only a subcontractor under one Smiley, who was the original contractor. The plaintiff filed this second lien to remedy the defects in the first lien filed, but both liens were filed within four months after plaintiff's cause of action accrued, and suit was instituted within ninety days after the filing of the first lien.

It was decided in *Mulloy v. Lawrence*, 31 Mo. 583, that a person can file but one mechanic's lien upon the same account, and if he files a lien and fails to bring suit upon it within ninety days thereafter, his right to enforce a second lien, although filed within the statutory period, is gone. In the later case of *Davis v. Schuler*,

38 Mo. 24, it was held that if the first lien thus filed is for some cause void, the contractor may thereafter within the statutory period file another lien and proceed to enforce it, because the first lien filed is in contemplation of law no lien at all. This latter view was approved in *Williams v. Railroad*, 112 Mo. 463, as being more in keeping with the spirit of the statute. Finally in *South Missouri Lumber Company v. Wright*, 114 Mo. 326, the rule was extended still further, and it was decided that although the first lien filed is not *void* but *defective* only, the mechanic claiming the benefit of the law may within the statutory period file another lien remedying the defect. We conclude that the plaintiff's case is sufficiently covered by this last decision. His first lien was not void but defective. He sought to remedy the defect by filing another. As he brought his action within ninety days after filing the first lien, he by filing the second in nowise extended his time to sue, although suit was instituted on the second lien. It is not conceivable how this course can prejudice the rights of the defendant in any way, or extend or vary his liability. We, therefore, overrule this assignment of error.

Touching the second point made the record shows the following facts: The plaintiff had no direct evidence that the material furnished by him (which consisted of various kinds of brick) entered into the construction of the building, but he did have direct evidence tending to show that all the brick used in the construction of the building were furnished by him. This evidence was connected with that of a measurer, who measured the brick in the building after its completion, and who testified to the number and character of the brick contained in it. The amount thus testified to was somewhat less than the amount of the brick claimed to have been furnished by the plaintiff to the

contractor. The court based its finding, not on plaintiff's account of brick sold and delivered, but on the measurer's evidence. It does appear inferentially that the brick furnished by the plaintiff did enter into the construction of the building, and that the plaintiff's recovery was for less than the brick furnished, since we can take notice of the fact that some material is always wasted in the use. In fact, the plaintiff's recovery was less by $50 than it probably would have been had the brick been directly traced into the building. We, therefore, overrule the second assignment likewise.

All the judges concurring, the judgment is affirmed.