<hr />

(November 12, 1897.)

## HALLETT v. LARCOM.

[51 Pac. 108.]

PLEADINGS—AMENDMENTS—NEW CAUSE OF ACTION—SECTION 4229 OF THE REVISED STATUTES CONSTRUED.—Under the provisions of section 4229 of the Revised Statutes, it is error to permit a new plaintiff and new cause of action to be substituted under the guise of an amendment to the original complaint.

SUBSTITUTION OF PLAINTIFF—REAL PARTY IN INTEREST.—A new plaintiff cannot be substituted in place of the plaintiff, who brings the action, where the party sought to be substituted was the real party in interest at the commencement of the action.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

The action was originally brought by Fred N. Hallett as plaintiff in his own name, for money alleged to have been ad-

vanced by himself. The defendant answered, denying all the allegations of this first complaint. On the 26th of November, 1895, plaintiff Fred N. Hallett filed a motion that he be allowed to file an amended complaint, making M. E. Hallett plaintiff instead of himself, which the court allowed and the defendant assigns error thereon. No showing whatever was made to justify the dropping of Fred N. Hallett, who had brought the action, and the substituting of M. E. Hallett as plaintiff, in his stead. No affidavits were filed in support of the motion. The complaint on file was for money advanced by Fred N. Hallett. A new complaint, to recover for money advanced by M. E. Hallett, was substituted. The appellant is still subject to an action for any money advanced by Fred N. Hallett. The termination of this suit will not adjudicate any rights existing between Fred N. Hallett and the appellant. The allowance of the filing of a new complaint, changing the cause of action was an error. It was certainly error to allow the substitution of a new plaintiff. The following cases, most of them decided under statutes containing the same provision found in the code of this state, are decisive upon that point: *Dubbers v. Goux,* 51 Cal. 153; *Leaird v. Moore,* 27 Ala. 326; *Tarver v. Smith,* 38 Ala. 135; *Taylor v. Taylor,* 43 Ala. 650; *Crescent Furniture Co. v. Raddatz,* 28 Mo. App. 210; *Marsh River Lodge v. Brooks,* 61 Me. 585.

Burleigh & Green, for Respondent.

In reply to appellant's first assignment of error "that the court erred in allowing plaintiff to file an amended complaint substituting M. E. Hallett instead of himself," the second amended complaint shows upon its face to be for the identical claim originally sued on, the same amount, the same allegations, the same parties, except change of plaintiff; hence there is no change of cause of action as to changing or substituting one plaintiff to another. We cite: *Wells v. Stomback,* 59 Iowa, 376, 13 N. W. 339; *Harper v. Hendricks,* 49 Kan. 718, 31 Pac. 734; *Cockrill v. Clyma,* 98 Cal. 123, 32 Pac. 888; *Hestres v. Brennan,* 37 Cal. 385.

SULLIVAN, C. J.—This action was originally brought by Fred N. Hallett, as plaintiff, against the defendant, R. E. Lar-

com, for the recovery of $599:42, money alleged to have been advanced for the defendant, at his special instance and request, while said Hallett was acting as the agent for the defendant in leasing and taking care of certain lands belonging to defendant, situated in Nez Perces county, and collecting rent therefor. The defendant answered, denying all of the allegations of said complaint. Thereafter said Hallett, by motion, asked the court to be permitted to file an amended complaint, whereby M. E. Hallett should be made plaintiff in said action, which motion was granted by the court, regardless of defendant's objection thereto. Thereafter defendant answered, denying all of the allegations of the amended complaint. The cause was tried by the court with a jury, and verdict and judgment were in favor of the plaintiff for the full amount claimed. A motion for a new trial was made by appellant, and denied by the court. This appeal is from the judgment and from the order denying the motion for a new trial.

Forty-three alleged errors are assigned. But, in our view of the case, it is only necessary to dispose of the first, which is, the court erred in allowing Fred N. Hallett to file an amended complaint whereby M. E. Hallett was made plaintiff in his stead. No showing was made for the substitution of M. E. Hallett as plaintiff in place of Fred N. Hallett. It was not shown that she (M. E. Hallett) had succeeded to the claim of Fred N. Hallett as set forth in the original complaint as a cause of action. The "amended complaint," so called, shows that she did not and had not succeeded to said claim or cause of action. In the original complaint, verified by said Fred N. Hallett, he alleges, *inter alia,* that he was the agent of defendant for leasing certain land and collecting rent therefor; that he had paid out as such agent, at the instance and request of defendant, the sum of $1,080.22, no part of which had been repaid except the sum of $480.80, leaving a balance due of $599.42. In the so-called "amended complaint" which was filed on motion of said Hallett it is alleged that M. E. Hallett was the duly appointed agent of defendant for the purpose of leasing said land and collecting the rent, and that by reason of such agency she advanced to the defendant, at his special instance and request, the sum of $1,055.22, and no part of

which had been repaid except the sum of $480.80, leaving a
balance due of $574.42. It will be observed from the fore-
going that the original complaint was for money advanced by
Fred N. Hallett as agent of defendant, while the amended
complaint was for money advanced by M. E. Hallett as agent
of defendant. Fred N. Hallett alleged in the original com-
plaint that he had advanced $1,080.22, while M. E. Hallett
alleged in the amended complaint that she had advanced $1,-
055.22 to defendant, at his instance and request. It will also
be observed that M. E. Hallett was substituted as the sole
plaintiff, not to prosecute the same cause of action stated in
the original complaint, on the ground that she had succeeded
to it, but was permitted to prosecute another and distinct cause
of action in her own right. If such amendments as the one
under consideration were allowed, it would permit a substi-
tuted plaintiff to prosecute a new suit, for another and dis-
tinct cause of action, by merely filing a new complaint (not an
amended one) stating another and distinct cause of action.
Amendments should be very liberally allowed, under the provi-
sions of section 4229 of the Revised Statutes, but it was not
intended that such an amendment and substitution as that in
the case at bar should be allowed. (*Dubbers v. Goux,* 51 Cal.
153.)

It may be urged that the evidence shows that the same cause
of action is stated in both complaints, and for that reason no
new cause of action was stated. For the purpose of disposing
of this alleged error, we are not authorized to go into the
evidence taken on the trial of the case. And, if we were per-
mitted to do so, the evidence shows that the substituted plain-
tiff was the real and only plaintiff in interest at the commence-
ment of the suit. Under the very liberal provisions of our
statute, a court should not permit a person to be substituted
as plaintiff in the place of the plaintiff who brought the suit,
when the person substituted was the real and only party in in-
terest at the commencement of the action. (*Dubbers v. Goux,*
51 Cal. 153.)

In the preparation of the transcript the appellant has ignored
the provisions of paragraph 3, rule 27, of this court. The
title of the court and cause in the court below is inserted in

many places, and other matters are inserted, contrary to the provisions of said paragraph. And as stated in *Thiessen v. Riggs* (decided at this term), ante, p. 487, 51 Pac. 107: "We know of no better way of enforcing the rule relating to transcripts than to require the appellant, although successful, to pay the costs of obtaining and printing the transcript, or such part thereof as would be equitable, when he disobeys the rules, and inserts matter in the transcript which should not be there." The conclusion is that the judgment of the court below must be reversed, and the cause remanded, with instructions to the lower court to set aside said judgment and the order permitting the amended complaint to be filed; and it is so ordered. The costs of this appeal, except one-half of the costs of the transcript, are awarded to appellant.

Huston and Quarles, JJ., concur.