THE UNITED STATES OF AMERICA for the use and
benefit of LEWERS & COOKE, LIMITED, a Corpora-
tion, *vs.* BURRELL CONSTRUCTION COMPANY, a
Corporation, and THE AETNA INDEMNITY COM-
PANY, OF HARTFORD CONNECTICUT, a Corpo-
ration.

### May 3, 1910.

*Agency—Power of agent to sue in his own name:*   An agent, as a
rule, may not sue in his own name; the exception being when he is acting
under a *del credere* commission, or is the only known or the ostensible
principal, or in some instances of special contracts by him.

*Amendment—New cause of action:*   An amendment may not be made
in the declaration when it would create a new cause of action.

*Same—Same:*   Where action is brought for the price of goods in the
name of an agent by mistake, for goods sold by him, an amendment sub-
stituting the name of his principal as plaintiff does not create a new cause
of action.

*Same—Same—Statute of limitations:*   An amendment creating a new
cause of action will not relate back to the beginning of the proceedings
and a statute of limitations which has run against it may be pleaded in bar,
even though the statute had not run against the original declaration.

*At Law:*   Motion to amend complaint.

*Magoon & Weaver,* Counsel for Robert Dalziel, Jr.

*Thompson, Clemons & Wilder,* Counsel for the Aetna In-
demnity Company.

DOLE, J.   The motion of Robert Dalziel, Jr., for leave to
amend his complaint by substituting the name of Robert Dal-
ziel, Jr. Company, a corporation, intervenor plaintiff, for
"Robert Dalziel, Jr., intervenor plaintiff," wherever the same
occurs in the bill of complaint, and for the amendment of para-
graph 6, alleging payment on account by defendants, was heard
and a decision rendered on the 4th of February, to which refer-
ence is made.   The court found as a general rule that such an

amendment was not permissible, but reserved the question for further argument and decision, whether, the statute of limitations affecting the plaintiff's claim having run whereby a new case cannot be brought, the denial of the motion would cause a failure of justice, or whether plaintiff might, as agent or factor of the said corporation which is alleged to be the real party in interest, prosecute the case to judgment. Argument was heard and briefs filed.

Although an agent or factor may under some circumstances maintain an action in his own name, it would appear that such right would depend upon some interest or lien which he has in the claim of the principal. Some of the authorities perhaps go farther than this, especially in the case of a foreign factor, and Story recognizes the right of domestic factors, whether acting under a *del credere* commission or not, to sue and be sued as principals; but on reference to the authorities which he cites such right appears to be limited to cases where the agent has some rights or interests in the account belonging to his principal, and to cases where the agent is the only known or the ostensible principal, and to some instances of special contracts by the agent.

"As a general rule, the latter [the agent] cannot maintain an action in his own name at all; and the exception will be found to arise from cases where he has the rights of bailee or some other rights; not the mere powers of a naked agent."

The court goes on to say:

" The learned judge charged according to this principle; and he was clearly right. None of the quotations so lavishly made on the argument from Judge Story's treatise on agency, will be found to impugn it in the least." *Taintor v. Prendergast,* 3 Hill (N. Y.) 72, 73-74; *Girard v. Taggart et al.,* 5 Serg. & Raw. (Pa.) 19, 27.

There is nothing in the record showing that Robert Dalziel, Jr., has any lien on the claim or interest therein other than as the representative of Robert Dalziel, Jr. Company, a corpora-

tion. It is on record, by the affidavit supporting the motion for leave to amend, that the bids for furnishing the material and labor to the Burrell Construction Company were in the name of said corporation and that all work was performed by such company under the management of Robert Dalziel, Jr.; so that the case is not of that class where the agent enters into an agreement in his own name, without disclosing the name of his principal, and it would appear upon all grounds that the chances of this plaintiff's obtaining a judgment in case of the continuance of the proceedings as they now stand, are at least doubtful.

In the further discussion of the case counsel for the defendants took the ground that the court in its preliminary decision "laid down the law that 'an amendment to pleadings which changes a party to a suit involving a change of the cause of action, cannot be made'," quoting from the syllabus. By reference to the body of the decision we find the expression on this point to be as follows: " The reason of the rule is because the change of the party changes the cause of action. This is necessarily the case in actions of contract 'unless the change be as to representative parties'." The question of the allowance of the amendment on the ground of a denial of justice was reserved and further argument was suggested and had of the question whether the plaintiff, as agent of the parties in interest, might prosecute the case to judgment.

The argument has cleared the air somewhat on this point, as above set forth, the court, being now doubtful if that is practicable. This brings the court to the question whether the amendment asked for may be made to prevent a denial of justice, and also and necessarily to the examination of the other question, whether the amendment would substantially change the cause of action. The line of discussion and citation of authorities in the first opinion tended somewhat to support an affirmative answer to the latter question. If, however, this question was not left open, as I think it was, I will reopen it now, desiring to consider more exhaustively the application of the rule to the present case.

The two Hawaiian cases cited in the former decision, *Garcia v. Mendonca,* 7 Haw. 194, and *Sherman v. Harrison,* Id. 663, show a recognition by the supreme court of its desire to save the rights of the parties by going very far in allowing amendments where their refusal would, through the operation of statutes of limitation, deprive the plaintiffs of any remedy. In the first of these cases the suggestion of the court is clearly *obiter dictum;* but in the second case there appears the suggestion by the court to meet the justice of the case, that the plaintiff be allowed to amend by a complete change of the party plaintiff. The case of *Kirk v. Dolby,* 6 Mees. & W. 635, cited in the former decision, refers to the determination of the English judges under the "Uniformity of Process" act, "not to allow any amendment except in the case where, if the amendment were not allowed, the statute of limitations would be a bar to any new process and so occasion a failure of justice." *Horton v. Stamford,* 1 Cr. & Mees. 772; *Lakin v. Watson,* 2 Id. 684.

It appears from these citations that different courts have been led to go far in making an exception to the general rule against amendments, and I should have no hesitation in allowing the amendment in order to prevent a denial of justice, unless it should appear that by so doing a new cause of action, so substantial that it could not relate back to the filing of the petition in intervention, and so would be barred by the statute of limitations, would be created. *Shields v. Barrow,* 58 U. S. 129, 143.

How far does the exception allowing changes as to privies and representative parties extend? Certainly to all instances reasonably necessary for the furtherance of justice and within the substance or field of the original case. The name of the payee of a note as plaintiff may be changed to that of the sub-payee because of mistake, without changing the nature or identity of the action. *Service v. Farmington Sav. Bank,* 62 Pac. (Kan.) 670. A declaration by trustees of a town may be amended by substituting the name of the town as plaintiff,

*Lake Erie v. Boswell,* 36 N. E. (Ind.) 1103,—a change from agents to the party in interest. A substitution of the name of the firm for the name of one of the partners in the declaration may be made where the interest in the suit was in the firm. *First National Bank v. Tappan,* 6 Kan. 276, 283. See also *Dixon v. Dixon,* 19 Iowa 312, and *Hucklebridge v. Atchison, etc., Ry. Co.,* 71 Pac. 814. In *Hanlin v. Baxter,* 20 Kan. 134, the court on error sustained the substitution of W. O. Baxter for J. B. Baxter, plaintiff, there being slight circumstances to support a surmise that the latter was the agent of the former. The statutes of amendments of Kansas and Iowa are substantially identical with ours.

I make the following comments on authorities cited by the defendants' counsel:

In *The Detroit,* 7 Fed. Cas. (No. 3832) 550 (1874), the substitution of a new person as libelant was not allowed on appeal, but there was no intimation of any element of representation or privity between the two. This case was disapproved in *The William F. M'Rae,* 23 Fed. Rep. 557, 559 (1885), where the court said:

" With the utmost respect for the learned justice who decided the case of *The Detroit,* I am constrained to say that I think the technical rule that one libelant can [not] be substituted for another ought to give way to the general rule above stated, and to the still more equitable principle that where an action is substantially between two vessels, a mistake' of the pleader as to the ownership or legal title of the injured vessel (a mistake which in actual practice is very likely to occur) ought to be corrected by an amendment."

In *Emerson v. Wilson,* 11 Vt. 357 (1839), a partner held a note against the defendant. The declaration made the firm the plaintiff and recited a note payable to the firm. It was amended in the court below, substituting the name of the partner for the name of the firm and changing the description of the note accordingly. This was disallowed on appeal. Here was neither representation nor privity. Although the original

plaintiffs were connected with the substituted plaintiff in business, they had no interest in or relation to the subject of the proceedings.

In *Hallett v. Larcom,* 5 Idaho, 492: 51 Pac. 108, a new plaintiff was substituted in the lower court and a change made in the amount of the claim, but no privity or representative element shown between the original plaintiff and the new one. The court on appeal, in overruling the order allowing the amendment, commented on these circumstances, saying, " It will also be observed that M. E. Hallett was substituted as the sole plaintiff, not to prosecute the same cause of action stated in the original complaint, on the ground that she had succeeded to it, but was permitted to prosecute another and distinct cause of action in her own right."

The Maine authorities are not helpful here because of the difference of its statute from ours, which allows amendments as to parties only "by inserting additional plaintiffs or by striking out one or more plaintiffs when there are two or more." R. S. Maine, 739, c. 84, s. 11. The Hawaiian statute permits amendments "by adding or striking out the name of a party, or by correcting a mistake in the name of a party or a mistake in any other respect." R. L., s. 1738.

In the case of *King v. Avery,* 37 Ala. 169, (Book 28 Ala. Ann. Edition 60), in which a woman joined with her sister's administrator in a suit for slaves, and married pending proceedings, thus making her husband the owner of her personal property, an amendment was allowed under a bill of revivor, adding his name as one of the plaintiffs. The court on appeal held that the amendment introduced a new cause of action, inasmuch as "the right to recover depends also on a new derivative title, viz., the marital rights of Mr. King acquired by his marriage with the female complainant. If, on a proper issue, there was a failure to prove the marriage this suit must fail," and there being a statute of limitations which had run against the amendment the case was dismissed. This case does not appear to be applicable to the question under consideration, as it

is obvious that in the present case the proposed amendment introduces no such new issue as in *King v. Avery.*

The case of *Seibs v. Engelhardt,* 78 Ala. 508 (48 Ala. Ann. Edition, 506), relates to the addition of a new defendant and furnishes little aid to the solution of the present question.

In *Barker v. Anniston,* 8 So. 466, the husband was made a new plaintiff in the wife's suit after a statute of limitations had run, the husband alone being entitled to the compensation sued for. This case follows somewhat the lines of *King v. Avery,* supra, proof of marriage being essential to the case as amended.

*Peiser v. Griffin,* 125 Cal. 9, is too obviously an instance of a new cause of action created by an amendment, to be helpful in this discussion.

The rule is clear that where an amendment would create a new cause of action, it will not relate back to the date of the filing of the original declaration or bill, and so cannot be allowed if a statute of limitations has run against it, or, if allowed, the statute may be pleaded against it. Whether an amendment creates a new cause of action is sometimes a nice point. From the foregoing authorities and considerations, it would appear that in a case like the present one, where an agent has sold goods for his principal and an action is brought for the purchase price in the name of the agent by mistake, a substitution of the name of the principal would not create a new cause of action. Neither does it appear that the allowance of the amendment would cause the defendants to change their defense or embarrass them in any way.

" There is no just ground for the claim that by reason of the amendment making new parties plaintiff there resulted any change in the cause of action. The object of the suit after the amendment was precisely the same as it was before, namely, to recover the amount of the policy on account of the destruction by fire of the insured premises, and so far as we can see, assuming there was a right of recovery at all, it was and is a matter of total indifference to the company whether the re-

covery is in the names of the Manns or in the name of Thomas for their use. Had some new claim or cause of action been introduced into the suit by the amendment, against which the statute of limitations had run, or before the making of such amendment, the position of appellee would be clearly right; but such is not the case." *Thomas v. Fame Ins. Co.,* 108 Ill. 100.

The Illinois statute makes the adjudication of the court allowing an amendment "conclusive evidence of the identity of the action," which perhaps weakens somewhat the force of this citation in its application here; still it is of value, presenting as it does the logical view of the status of a case after such an amendment. It is obvious that a recovery on the original petition would be a bar to a recovery upon the amended one. *Davies v. R. R. Co.,* 110 N. Y. 647.

Although there is some apparent divergence in the cases, a careful examination generally shows substantial uniformity as to this point.

Is not the relation of Robert Dalziel, Jr., as agent of Robert Dalziel, Jr. Company, a sufficiently representative one to bring the case within the principle of substitution of parties as to privies and representative parties? As agent he represented his principal to the extent of binding him by his acts and admissions made within the scope of his authority, making him a privy in obligation. I am of the opinion that this question may be answered in the affirmative. Indeed the Kansas cases appear to go further and to allow such substitution in case of mistake where there is no privity or representation, if a new cause of action is not thereby created. *Service v. Farmington Sav. Bank,* supra. See also *Kincaid v. Howe,* 10 Mass. 203, where by mistake an action upon promissory notes due to Samuel Kincaid, Jun., was brought in the name of Samuel Kincaid, who was his father. Amendment by adding the word Jun. was refused, and the court above, in awarding a new trial, said, "A precision not to any purpose absolutely es-

sential, might have been obtained by permitting the amendment."

The motion to amend is allowed on both points, costs of proceedings under the motion to defendants.