FOX *v.* BENHAM MANUFACTURING CO.

JOHNSON *v.* PENINSULAR STATE BANK.

PENINSULAR STATE BANK *v.* BENHAM MANU-
FACTURING CO.

1. MECHANICS' LIENS—ENFORCEMENT—CLAIMS.

It is not error not to compel a building contractor to elect under which of two statements of lien he will claim, where a second statement relating to the same debt is filed within the statutory time, because it is supposed the first statement has omitted an essential matter, and the claim is the same claim mentioned in the first statement.

2. SAME—STATEMENT OF CLAIM—NOTICE—BANKRUPTCY.

A statement of claim for a mechanics' lien may be served upon the bankrupt owner in whose name the title stands of record, even though a trustee in bankruptcy has been appointed.

3. SAME—STATEMENT OF CLAIM—STATUTES—CONSTRUCTION.

The contention that the statement of claim for a lien filed by a contractor is not a just and true statement of account of amount due the contractor, as required by 3 Comp. Laws, § 10714 (3 Comp. Laws 1915, § 14800), is untenable, although the contractor includes in the statement an amount of money loaned to the owner by indorsing notes of the owner so that the latter can obtain funds for the continuance of the building, and the owner is duly credited with every dollar paid to the claimant.

4. SAME—ENFORCEMENT—WAIVER—BONA FIDES.

There was no waiver by the contractor of his right to a lien upon the property because the contract progressed slowly, owing to the owner's lack of funds, and the work extended over a long time and was intermittent, where he acted in good faith and diligently pursued the remedy allowed by statute.

Cross-appeals from Wayne; Perkins, J., presiding. Submitted April 6, 1917. (Docket No. 66.) Decided September 27, 1917.

Bill by Norman W. Fox against the Benham Manufacturing Company, Fred R. Johnson, and another, to foreclose a mortgage. Defendant Johnson filed an answer in the nature of a cross-bill for the foreclosure of a mechanic's lien. The Peninsular State Bank filed a separate bill against the Benham Manufacturing Company and others to foreclose another mortgage. The cases were consolidated and heard as one. From a decree sustaining the priority of the lien over the mortgages, plaintiffs appeal. Affirmed.

*Berger & Milburn,* for appellants.

*Bailey & Bradley,* for appellees.

MOORE, J. In the year of 1912 the Benham Manufacturing Company was the owner of real estate. Fred R. Johnson in August entered into a contract with the Benham Manufacturing Company to erect for the Benham Manufacturing Company a factory building. The arrangement was that Mr. Johnson was to pay for the labor and materials used in the building from the funds turned over to him by the Benham Manufacturing Company, and in addition was to receive as his compensation for the superintending of the construction 15 per cent. of the total cost of the labor and materials. The work on the building was started August 31, 1912. On August 20, and September 22, and October 16, 1913, the Benham Manufacturing Company executed to the Peninsular State Bank three mortgages, of amounts $7,000, $5,000, and $10,000, respectively, for money advanced to pay for labor and materials. It is claimed by the cross-plaintiff Fred R. Johnson, that the last of the labor and materials were performed and furnished on August 11, 1914. Money was advanced to Mr. Johnson by the Benham Manufacturing Company from time to time during the period.

On the 10th of September, 1914, Fred R. Johnson' filed a statement of account and claim of lien in the office of the register of deeds for Wayne county, claiming a lien upon the real estate and building of the Benham Manufacturing Company, for the sum of $5,187.38. This lien named the Benham Manufacturing Company as the owner. On October 5, 1914, the Benham Manufacturing Company was adjudicated a bankrupt and the Union Trust Company was appointed its trustee in bankruptcy. On October 8, 1914, Fred R. Johnson filed a second statement of account and claim of lien for the same amount and containing the same information as the first one, filed on September 10, 1914, and named the Benham Manufacturing Company as the owner. May 13, 1914, the Benham Manufacturing Company, to secure a loan made to it by Norman W. Fox, executed to him a mortgage of $5,000 on the property upon which was the factory building. On September 26, 1914, Norman W. Fox filed his bill in the Wayne circuit court to foreclose his mortgage.

December 10, 1914, Norman W. Fox purchased from the Union Trust Company, trustee in bankruptcy, the real estate in question, thereby merging his mortgage with his title to the property. On December 14, 1914, Norman W. Fox sold the real estate to the A. C. Knapp Company on land contract, and a short time thereafter conveyed the same real estate to the appellant, Emanuel T. Berger, subject to the land contract interest of the A. C. Knapp Company. On March 12, 1915, the lien claimant, Fred R. Johnson, filed his answer and cross-bill in the suit brought by Norman W. Fox for the purpose of foreclosing his lien.

On June 26, 1915, the Peninsular State Bank filed its bill of complaint in the Wayne circuit court for the purpose of foreclosing one of its mortgages on the same property and building. The two suits were con-

solidated and tried as one cause. The cross-bill of the lien claimant was for $5,178.38.

On the trial the court entered a decree allowing the lien of Mr. Johnson for the full amount claimed by him, and allowed it as a prior claim to the mortgages of the Peninsular State Bank. The case is brought here by appeal.

The Peninsular State Bank has been paid its mortgages. The only matter of contest now is as to the validity of the lien claimed by the cross-plaintiff.

It was contended on the trial in the lower court: (1) That the cross-bill of Mr. Johnson should be dismissed, unless he elected which of the two statements of lien filed by him he chose to rely upon. (2) That by reason of the failure to file with the register of deeds a proof of service of either of the statements of lien, and no service having been made upon the Union Trust Company, and by reason of the failure of the lien claimant to give the name of the correct owner of the property in either one of the statements of lien, and no showing being made that the name was unknown, that the requirements of the statute in this regard had not been complied with and therefore the lien claim was invalid. (3) That as the verified cross-bill of complaint of Fred R. Johnson did not allege the service of either statement of lien or the filing of proof of such service with the register of deeds, the lien claimant failed to make out a *prima facie* case by the introduction of his verified cross-bill in evidence. (4) That the claim of lien filed by Johnson was not a just and true statement of account of the amount due him over and above all legal set-offs, as required by section 10714, 3 Comp. Laws (3 Comp. Laws 1915, § 14800), but by reason of the fact that it contained items totaling $4,600 of money loaned by the lien claimant to the Benham Manufacturing Company it was so excessive as to be fraudulent, and that

therefore the whole lien is illegal and void. (5) It was also claimed by the cross-defendants and appellants that the right to claim a lien had been waived and lost by the lien claimant Johnson, and that neither of the claims of lien was filed within 60 days from the date of furnishing or performing of the last of the material or labor under the contract, as provided by section 10714, 3 Comp. Laws. We will consider these claims in the order in which they were presented.

1. It is contended that, as claimant filed two statements of lien, it was error not to compel him to elect under which of them he would claim; counsel citing *Barnett* v. *Clooney,* 68 Mo. App. 146, and other cases. An examination of the cases cited show them distinguishable from the case before us. Here the two statements related to the same debt. The second statement was filed because it was supposed the first statement omitted an essential matter, but it was the same claim mentioned in the first statement, and both were filed within the time given by the statute. See *J. C. Vreeland Building Co.* v. *Refining Co.,* 15 Am. & Eng. Ann. Cas. 1086 (75 N. J. Law, 551) ; *Barnett* v. *Clooney,* 67 Mo. App. 664.

2. This claim is based upon the contention that the service should have been made upon the Union Trust Company, trustee, who should have been named as owner. We think this contention has no merit. The corporation with whom the contract was made and in whom the record title stood was served with the contractor's sworn statement and was named as owner. See 3 Comp. Laws, § 10715 (3 Comp. Laws 1915, § 14801).

3. It is contended by claimant that if there was any failure to make out a *prima facie* case, and it is not admitted that there was, the failure is cured by the testimony of Mr. Johnson and Mr. Reynolds. We think this contention is true.

4. This claim is based upon the claim that $4,600 is included in the statement of amount due of money that was loaned by claimant to the Benham Manufacturing Company. The record shows that to enable the corporation to go on with its building operations the claimant indorsed notes of the corporation, which passed through the bank, thus enabling it to continue building; but it also clearly shows that the corporation was duly credited with every dollar that was paid to the claimant. See section 10734, 3 Comp. Laws (3 Comp. Laws 1915, § 14820).

5. This claim is based upon the fact that the contract progressed slowly, owing to the corporation's lack of funds, and the work extended through a long period of time. It is claimed that, because of the intermittent character of the work and the delay thereof, the later items cannot be said to be in fulfillment of the contract. A reading of the record satisfies us that claimant acted in good faith in the performance of his contract, and that he has diligently pursued the remedy allowed by the statute. See section 10714, 3 Comp. Laws (3 Comp. Laws 1915, § 14800), and the cases cited in the note.

The decree is affirmed, with costs to the claimant Fred R. Johnson.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.