# THE SULLIVAN CONSTRUCTION COMPANY, a Corporation, Respondent, v. TWIN FALLS AMUSEMENT COMPANY, a Corporation, Appellant.

[258 Pac. 529.]

Mechanics' Liens—Abandonment of Original Claim—Intention to Abandon not Shown—Colloquy Between Court and Counsel, Effect — Pleading — Election Held Unnecessary—Motion to Strike Amended Complaint — Corporations — Right of Statutory Trustees to Sue—Complaint may be Amended.

1. Abandonment of any right is dependent on intention to abandon and must be evidenced by clear, unequivocal and decisive act.

2. Necessary showing of intention for abandonment of first claim of mechanic's lien is not made by the filing of second claim covering same contract and services, the purpose of filing it not appearing except from allegation in complaint that it was to correct defect in the first, and both being set up in the complaint in foreclosure action, evidencing intent of plaintiff to avail of whichever claim was sufficient as matter of law.

3. Colloquy between court and plaintiff's counsel on his offering in evidence amended claim of mechanic's lien after introducing the original *held,* in view of subsequent treatment thereof by court and parties, not to amount to an election between the claims, constituting an abandonment of the first.

4. Where two claims of lien, both set up in the complaint, are based on same contract and work, and second is to correct a defect in the first, there is not a situation requiring an election.

5. Where amended complaint, filed after trial to conform to proof, did in several respects conform thereto, ground of motion to strike it, that it did not in any manner conform to the proof, *held* too broad.

6. Amendment of complaint in action to foreclose mechanic's lien does not set up an entirely new cause of action, the cause of action in the amended complaint as well as the original complaint being based on the same contract and the same services described in the original complaint.

7. The statutory trustees of a corporation which has forfeited its charter for default in payment of annual license fee, under the power given them by C. S., sec. 4790, to settle the corporate

affairs, can file claim of mechanic's lien for it and commence action to foreclose the lien.

8. The filing of claim of lien on behalf of a corporation, which had forfeited its charter for default in payment of annual license fee, and bringing of action to foreclose lien being proper acts to be performed by its trustees, the complaint in the name of the corporation, through accident or mistake, may be amended by substitution of trustees as plaintiffs, under C. S., sec. 6726, authorizing the court in the furtherance of justice to allow amendment of pleading by correcting the name of a party.

9. Claim of lien for work performed under contract of corporation, which had forfeited its charter for nonpayment of annual license fee, being filed on behalf of those who were by law entitled to file it, and were, as matter of law, trustees for the delinquent corporation, and could act only in that capacity, will be sustained, though incorrectly stating their capacity.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to foreclose mechanic's lien. Judgment for respondent. *Affirmed.*

Hodgin & Hodgin, for Appellant.

''Lien laws are in derogation of the common law, and persons invoking such remedies must clearly prove the facts necessary to constitute a lien. A complaint to enforce a

---

Publisher's Note.

1. See 1 R. C. L. 4.

6. Amendment of complaint relying on same cause of action, see note in Ann. Cas. 1914C, 1025. See, also, 21 R. C. L. 582.

8. Right to amend pleading by substituting new parties, see notes in Ann. Cas. 1916C, 591; 21 R. C. L. 584.

See Abandonment, 1 C. J., sec. 8, p. 7, n. 36; sec. 9, p. 7, n. 39.

Corporations, 14a C. J., sec. 3840, p. 1173, n. 22 New; sec. 3842, p. 1174, n. 50 New; sec. 3899, p. 1205, n. 4.

Election of Remedies, 20 C. J., sec. 18, p. 27, n. 61, 63.

Mechanics' Liens, 40 C. J., sec. 257, p. 216, n. 99, 1; sec. 414, p. 313, n. 69, p. 314, n. 70, 72, 83; sec. 632, p. 449, n. 54, 55.

Pleading, 31 Cyc., p. 485, n. 43, p. 653, n. 63 New, p. 663, n. 86.

lien must affirmatively allege the facts upon which the validity of the lien depends." (*Carlson-Lusk Co. v. Kammann,* 39 Ida. 654, 229 Pac. 85; *Daniel v. Blackwell,* 30 Ga. App. 786, 119 S. E. 447; *Duby v. Hicks,* 105 Or. 27, 209 Pac. 156; *Western Iron Works v. Montana Pulp Co.,* 30 Mont. 550, 77 Pac. 413; *McGlauflin v. Wormser,* 28 Mont. 177, 72 Pac. 428; 27 Cyc. 20, 21; 18 R. C. L. 926; 40 C. J. 53, 54.)

Where a claim of lien is filed by a group of individuals who allege that they are doing business under a certain firm name which does not give the true names of all of said individuals, such claim of lien is not a valid charge upon the property against which it is claimed, unless the individuals filing said claim of lien had previously filed in the office of the county recorder the certificate required by sec. 1, chap. 212, Sess. L. 1921, p. 424.

A corporation whose charter has been forfeited for failure to pay the annual license fee may not thereafter, and before it has been reinstated, file a valid claim for a mechanic's lien in the name of the defunct corporation and verified by its former secretary. (C. S., sec. 4789.)

Two valid claims for a mechanic's lien may not be filed by the same person upon the same property for the same labor. (40 C. J. 177.)

"The notice of lien which is filed for record must be complete in itself at that time in order to authorize its enforcement, and is not capable of being amended or reformed." (*Madera Flume etc. Co. v. Kendall,* 120 Cal. 182, 65 Am. St. 177, 52 Pac. 304; *Heberling v. Day,* 59 Cal. App. 13, 22, 209 Pac. 908; 18 R. C. L. 943; 40 C. J. 252, par. 310.)

Where two claims of lien are filed on the same property for the same labor, one by a group of individuals claiming their rights as a copartnership and the other by the same group of individuals claiming their rights as a corporation, there is such an inconsistency between the two instruments that one action may not be maintained to enforce both, but said parties must elect upon which claim of lien they will rely. (20 C. J. 3; *Perry v. Shumway,* 73 Vt. 191, 50 Atl.

1069; *Peters v. Bain,* 133 U. S. 670, 695, 10 Sup. Ct. 354, 362, 33 L. ed. 696.)

Where a party is properly required to elect between two inconsistent claims, instruments or remedies, and does so without the elements of fraud, mistake or inadvertence entering into his election, he is bound by such election and may not thereafter claim any benefit under the rejected claim, instrument or remedy.   (9 R. C. L. 957; 20 C. J., p. 2, sec. 1, p. 38, sec. 33; *Johns-Mansville Co. v. Allen,* 37 Ida. 153, 215 Pac. 840; *Gabrielson v. Hague Box & Lumber Co.,* 55 Wash. 342, 133 Am. St. 1032, 104 Pac. 635; *Oregon Mill & Grain Co. v. Hyde,* 87 Or. 163, 169 Pac. 791; *Rowell v. Smith,* 123 Wis. 510, 522, 3 Ann. Cas. 773, 102 N. W. 3.)

In an action to foreclose a mechanic's lien, the claim of lien as filed is the foundation of the action, and if there is no valid claim of lien there is no foundation to support the action.   (*Craig v. Smith,* 33 Ida. 590, 196 Pac. 1038; *Kelley v. Anderson,* 85 Or. 138, 166 Pac. 555.)

Where there are two sections of a statute, one making the board of directors of a defunct corporation the trustees of said corporation for the purpose of winding up its affairs and the other prohibiting said defunct corporation from carrying on any business, and making it a misdemeanor for any person or officer of said corporation to transact any business for said corporation as a corporate act, it is error for the trial court to hold, under the doctrine of judicial notice, that acts of an officer of said corporation done in the name of the corporation were done as a trustee of said corporation and were not a violation of the penal section of the statute.   (C. S., secs. 4789, 4790.)

Where a party is granted permission to file an amended complaint to conform to the proof, and there is no proof in the records to sustain the amended complaint as filed, it is error for the trial court to deny a motion by the adverse party to strike said amended complaint from the files. (*Snowy Peak Min. Co. v. Tamarack etc. Min. Co.,* 17 Ida. 630, 107 Pac. 60; *Heath v. Potlatch Lumber Co.,* 18 Ida. 42,

108 Pac. 343, 27 L. R. A., N. S., 707; *Valentine Co. v. Rosenhaupt,* 19 Ida. 130, 112 Pac. 685.)

It is error for the trial court to permit a person to be substituted as plaintiff in the place of the plaintiff who brought the suit, when the person substituted was the real and only party in interest at the time of the commencement of the action. (*Hallett v. Larcom,* 5 Ida. 492, 495, 51 Pac. 108; *Dubbers v. Goux,* 51 Cal. 153.)

James R. Bothwell and W. Orr Chapman, for Respondent.

There was no election on behalf of respondents. (20 C. J. 19.)

The claim of lien was sufficient. (*Phillips v. Salmon River Min. Co.,* 9 Ida. 149, 72 Pac. 886; *Armitage v. Bernheim,* 32 Ida. 594, 187 Pac. 938; *Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132; C. S., secs. 4790, 7339, 7346.)

The trial court did not err in permitting the filing of the amended complaint. (C. S., sec. 6726; *Hoy v. Anderson,* 39 Ida. 430, 227 Pac. 1058; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Pennsylvania-Coeur D'Alene Min. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997; *Unfried v. Libert,* 23 Ida. 603, 131 Pac. 660; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073.)

The equities are all on the side of respondents. (*Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132.)

BRINCK, Commissioner.—This appeal is by the defendant from a judgment foreclosing a mechanic's lien. The Sullivan Construction Company, a corporation organized under the laws of this state August 7, 1920, failed to pay its annual license fee for the year 1921 and on November 30, 1921, its charter was forfeited under the provisions of C. S., sec. 4786, for such default. At that time J. H. Sullivan, Lee Williams, W. H. Snodgrass and L. E. Fink were the directors of the corporation. In August, 1920, the corporation had entered into a contract with the defendant, the

Twin Falls Amusement Company, a corporation, whereby the Sullivan Construction Company agreed to construct for defendant a certain building. The Sullivan Construction Company commenced the erection of the building in August, 1920, and had nearly completed it when its charter was forfeited; the building was finally completed in December, 1921, by the directors of the Sullivan Construction Company, who had become statutory trustees for the corporation under C. S., sec. 4790. On January 20, 1922, a claim of lien upon the building was filed for an unpaid balance of the price agreed by defendant to be paid for the construction, describing as the work done, all of the services performed from the beginning of the construction work up to its completion in December, 1921. This claim was signed "Sullivan Construction Company, by J. H. Sullivan, member thereof," and recited that the contract in question was made by Sullivan, Fink, Snodgrass and Williams, "doing business under the firm name and style of the Sullivan Construction Company." On February 10, 1922, a so-called "amended and substituted mechanic's lien" was filed against the property, covering the same contract and services which had been described in the previous claim of lien. This claim of lien named the "Sullivan Construction Company, a corporation" as claimant, and was signed "Sullivan Construction Company, a corporation, by Lee Williams, its secretary."

The present action was brought by the "Sullivan Construction Company, a corporation"; and the complaint alleged plaintiff's due organization and existence as a corporation under the laws of this state at all times therein mentioned, contained the necessary allegations for foreclosure of mechanic's lien, set out as exhibits both of the claims of lien, and alleged that the second lien was filed for the purpose of completing plaintiff's claim of lien, reciting that the first lien failed to state the plaintiff's corporate organization and was not verified by oath of an officer of the plaintiff in his official capacity. The defendant answered denying the allegation of plaintiff's corporate capacity and setting up some affirmative defenses not necessary to notice here.

Upon the trial it appeared that the individuals constituting the board of directors had no clear idea of their legal status throughout the transaction. The evidence established the facts above mentioned as to incorporation of the company, the making of the contract, the rendition of the services and the forfeiture of the charter. At the close of the trial the court permitted plaintiff to file an amended complaint to conform the allegations to the proof, adding as parties, Sullivan, Williams, Snodgrass and Fink. The trial court found as a fact that the original claim of lien was filed by Sullivan, Snodgrass, Williams and Fink "really and in fact acting as trustees of the said extinct corporation" and rendered judgment awarding said trustees a lien and foreclosing the same. The defendant appeals from the judgment.

Upon the trial the plaintiff, which was nominally the Sullivan Construction Company, a corporation, introduced in evidence the original claim of lien and then identified and offered in evidence the amended claim of lien; whereupon in response to an inquiry from the court as to which claim he was relying upon, counsel for plaintiff stated that he would make an election and the court stated, "You can do that right now." No election was made but counsel for plaintiff thereupon introduced in evidence the so-called amended and substituted claim of lien.

Appellant assigns as error the finding that the original claim was filed by the persons therein named acting as trustees of the defunct corporation, upon the alleged ground that said claim of lien was abandoned by plaintiffs when the amended and substituted claim of lien was filed, and was again abandoned when respondent elected in open court to stand upon the amended and substituted claim of lien.

[1] As to abandonment of the original claim, appellant argues that since we have no statute permitting amendment of a mechanic's lien, the filing of the second claim necessarily operated as an abandonment of the first. It is elementary that an abandonment of any right is dependent upon an intention to abandon and must be evidenced by a

clear, unequivocal and decisive act of the party. (1 C. J. 7.) [2] We do not think there was any intention of abandoning the first lien by filing the second. The purpose of filing the second does not appear except from the allegations in the complaint that it was to correct a defect in the first lien; and both being set up in the complaint, it is evident that respondent intended to avail itself of whichever claim was sufficient as a matter of law to recover upon.

[3, 4] As to the election which it is claimed was made upon the trial as constituting an abandonment of the original claim, we think the colloquy between court and counsel, above referred to, did not amount to an election. It was not treated by the parties as an election since counsel for defendant thereafter cross-examined witnesses as to the filing of the original claim, and upon other grounds moved to strike the original claim, which motion was denied; and the court certainly did not treat it as an election since the relief he granted was based upon the claim which appellant contends was abandoned. It was not, however, a situation requiring an election; both claims of lien were based upon the same contract and the same work; and the second was to correct a defect in the first. (*Fox v. Benham Mfg. Co.*, 197 Mich. 637, 164 N. W. 385.) To constitute an election there must be two inconsistent remedies between which the party may elect. (20 C. J. 27.) The complaint setting up both claims of lien might perhaps have been subject to a demurrer for uncertainty but no such demurrer was filed. We think this assignment of error is without merit.

[5] The amended complaint, which was filed after the trial to conform to the proof, was attacked by defendant upon various grounds, and the denial of the motion to strike is the basis of another assignment of error. The grounds specified were not sufficient to reach the obvious uncertainties in the complaint, nor do any of the grounds seem well taken. In justice to counsel for appellant, it should be said that he was not counsel for defendant at the trial. One ground of the motion to strike is that the amended complaint does not in any manner conform to the proof. The

plain purpose of the amendment was to bring in the statutory trustees of the corporation as parties plaintiff and in this and in many other respects the amendment did conform to the proof. This ground of the motion was too broad.

[6] It was also urged in the motion to strike that the amendment set up an entirely new cause of action. Such, however, is not the case. The causes of action were both based upon the same contract and the same services described in the original complaint.

[7] It is also urged, as a ground for the motion to strike, that the complaint shows upon its face that plaintiffs, when the complaint was filed and the action commenced, were without authority to transact business in this state. This cannot be true, since the plaintiffs, under the amendment, included the statutory trustees. The acts of filing the claim of lien and commencing the suit were proper acts to be performed in winding up and settling the corporate business and the trustees were expressly empowered, under the provisions of C. S., sec. 4790, to settle the corporate affairs.

[8] It is now urged that to allow the substitution of the trustees in lieu of the corporation named as plaintiff in the original complaint is contrary to the rule announced in *Hallett v. Larcom*, 5 Ida. 492, 51 Pac. 108, where it is said that a court should not permit a new plaintiff to be substituted in the place of the plaintiff, who brings the action, where the party sought to be substituted was the real party in interest at the commencement of the action. In that case, however, a different cause of action was sought to be set up by the amendment than was stated in the original complaint, and no connection shown between the two. The statement referred to in *Hallett v. Larcom* was not necessary to a decision in the case, the causes of action not being identical; and to give it the effect claimed by appellant would be contrary to the great weight of authority as applied to cases where the causes of action are the same and the amount of recovery remains the same. (31 Cyc. 45, and cases cited.) Under C. S., sec. 6726, the court is author-

ized in furtherance of justice to allow a pleading to be amended by correcting the name of the party; under a similar statute, the supreme court of Nebraska, in a well-considered opinion, has held that it is proper to allow the trustees of a corporation, whose charter has been forfeited, to be substituted as parties plaintiff where the corporation was erroneously named as plaintiff in the original complaint. (*Weekes etc. Co. v. Ware,* 99 Neb. 126, 155 N. W. 233.) Both the filing of the claim of lien and the bringing of the suit being proper acts to be performed by the trustees, it would seem that if through accident or mistake they used the corporate name instead of their own names, or in using their own names failed to show their trust relation, it would be a harsh and technical rule that would deprive them of the relief to which they would be entitled had they used the correct words.

[9] It is contended that neither the corporation nor the parties or individuals have complied with the laws in claiming the lien, in that the trustees were not so designated in the claim filed; but the original claim of lien was filed on behalf of the very persons who were by law entitled to file it, and they were as a matter of law the trustees for the delinquent corporation, and could act only in that capacity. Their capacity was incorrectly stated, but while a claim of lien must of course show by whom the lien is claimed, the courts will be liberal in upholding the claim in this respect. (40 C. J. 216.) We cannot see how defendant was in any way prejudiced on this account.

The alleged errors argued by appellant do not entitle it to a reversal of the judgment and we recommend that the judgment be affirmed with costs to respondent.

Varian and McNaughton, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed.   Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.