(November 26, 1917.)

## ABEL H. BEASLEY, Appellant, v. VICTOR ENGSTROM, Respondent.

[168 Pac. 1145.]

WATERS—WASTE—EASEMENTS—RIGHT TO OVERFLOW—PRESCRIPTION.

1. Where it is necessary, in order to sufficiently and economically irrigate land, to divert and apply more water than the soil will absorb, the excess so diverted is not waste within the meaning of secs. 3293 and 7144, Rev. Codes.

2. What contitutes waste, as contemplated by those sections, depends upon the circumstances of each case, and is a question of fact.

3. The right to conduct excess water upon and across the land of another is an easement which may be obtained by prescription, and the period of adverse possession whereby it may be acquired is that mentioned in secs. 4036, 4037 and 4039, Rev. Codes.

[As to right of, and liability for injuring property by flowage, see note in 57 Am. Dec. 684.]

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action for damages and injunction. Judgment for defendant. *Affirmed.*

───────────

As to what care is necessary to avoid waste by diverting water from stream under right of appropriation, see note in 15 L. R. A., N. S., 238.

Otto E. McCutcheon and O. E. McCutcheon, for Appellant.

The wasting of water having been expressly prohibited by the legislature, constitutes a public nuisance. (Secs. 3293, 7144, Rev. Codes; *Lewis v. Stein,* 16 Ala. 214, 50 Am. Dec. 177; *Redway v. Moore,* 3 Ida. 312, 316, 29 Pac. 104; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461.)

Even when the action is brought by a private party who has suffered a special injury from a public nuisance, a prescriptive right to do the acts complained of cannot be maintained against him. (Sec. 3662, Rev. Codes; *Bowen v. Wendt,* 103 Cal. 236, 37 Pac. 149; *Woodruff v. North Bloomfield Gravel Min. Co.,* 18 Fed. 753, 9 Saw. 441; *Meiners v. Frederick Miller Brewing Co.,* 78 Wis. 364, 47 N. W. 430, 10 L. R. A. 586; *Lewiston v. Booth,* 3 Ida. 692, 34 Pac. 809.)

The maxim "so use your own property as to not injure the rights of others" applies in this case. (*Arave v. Idaho Canal Co.,* 5 Ida. 68, 46 Pac. 1024; *Parker v. Larsen,* 86 Cal. 236, 21 Am. St. 30, 31, 24 Pac. 989; *Paolini v. Fresno Canal etc. Co.,* 9 Cal. App. 1, 97 Pac. 1130.)

Economy must be required and demanded in the use and application of water, and the highest and greatest possible duty of the waters of the state in the interest of agriculture and other useful and beneficial purposes. (*Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481; *Abbott v. Reedy,* 9 Ida. 577, 75 Pac. 764; *Van Camp v. Emery,* 13 Ida. 202, 208, 89 Pac. 752; 2 Kinney on Irrigation, 2d ed., sec. 916.)

Every act on the part of any individual claimant that tends to waste water is to be discouraged rather than encouraged. (*Stickney v. Hanrahan,* 7 Ida. 424, 63 Pac. 189.)

Although a trespass may be continued for years beyond the period of limitation, a party is not prevented from recovering damages for those acts of trespass within the statutory period or from obtaining an injunction to prevent further trespass. (*Henshaw v. Salt River Valley Canal Co.,* 9 Ariz. 418, 84 Pac. 908.)

No prescriptive right to be negligent can be acquired, or to continue a public nuisance. (1 Wiel on Waters, 3d ed., sec. 579; *Jenkins v. Hooper Irr. Co.*, 13 Utah, 100, 44 Pac. 829.)

Each time the water was discharged upon the land of appellant there was a separate and distinct trespass. (*McKee v. Delaware etc. Canal Co.*, 125 N. Y. 353, 21 Am. St. 740, 26 N. E. 305; *Whittaker v. Strangvick*, 100 Minn. 386, 117 Am. St. 703, 10 Ann. Cas. 528, 10 L. R. A., N. S., 921, 111 N. W. 295.)

Briggs & McConnell, for Respondent.

One land owner may by prescription acquire the right to divert and discharge surface waters upon the lands of another. (30 Am. & Eng. Ency. of Law, 2d ed., p. 345, and cases there cited; 48 Century Digest (Water and Watercourses), secs. 211, 212; Decennial Digest (Water and Watercourses), sec. 164.)

The use of land may be adverse, irrespective of the amount of damage, however small that may be. (1 Wiel on Water Rights, 2d ed., 636; *Galbreath v. Hopkins*, 159 Cal. 297, 113 Pac. 174.)

Satisfactory proof of a continuous, open, notorious and uninterrupted use or invasion of the rights of another for the statutory period, and of such a character as to unquestionably indicate that the use was exercised in hostility to the right of another person to interfere with its exercise, is sufficient proof that they claim the right to do so. (1 Wiel on Water Rights, 2d ed., 634; 2 Kinney on Irrigation, 2d ed., 1885.)

The right to flow seepage or waste waters by the owner of the upper land can be secured by prescription or adverse user. (*Boynton v. Longley*, 19 Nev. 69, 3 Am. St. 781, 6 Pac. 437; 2 Kinney on Irrigation, 1151, 1868.)

MORGAN, J.—The parties to this action own neighboring farms which are so situated that water conducted upon respondent's land for the purpose of irrigation, which is not

absorbed by the soil or evaporated, drains off on to that of appellant through a natural hollow, from which it empties into Henry creek.

Appellant contends that respondent has diverted from the canal which supplies his farm with water for irrigation more than was necessary and that the excess, which has been permitted to flow upon his (appellant's) land, has rendered a portion of it swampy and has otherwise damaged his farm. He commenced this action to recover damages and to procure an injunction to prevent a continuation of the acts complained of.

Respondent contends, and the trial court found, that in order to properly irrigate his land it is necessary, because of the excessive slope of the ground, for him to divert from the canal and bring upon his farm more water than the soil will absorb; that it is necessary for him to permit, and for an uninterrupted period of more than five years prior to the commencement of this action he has permitted, the excess water to flow from his land on to that of appellant through the hollow above mentioned, and that, during all of said period of time, he has, with appellant's knowledge, claimed and used it openly, notoriously, peaceably, adversely and under a claim of right as a waterway for carrying necessary drainage water from his land each and every year, during the irrigation season thereof, into Henry creek, and that such use has been made in a reasonable, careful and prudent manner. The findings are fully sustained by the evidence.

As a conclusion of law the court found that respondent has acquired a prescriptive right to permit the drainage water from his land to flow on to and across that of appellant, through the hollow, and entered judgment that appellant take nothing by the action. This appeal is from an order denying appellant's motion for a new trial.

It is urged by appellant that respondent wasted water contrary to the provisions of secs. 3293 and 7144, Rev. Codes, and that such waste constituted a public nuisance which any person, specially injured thereby, might abate, and that a

right to commit a public nuisance, or to violate a law, cannot be acquired by prescription.

In view of the evidence and the findings of the court, the use of the water by respondent and the drainage resulting therefrom cannot be deemed waste as contemplated by the statutes. He has a right to divert sufficient water to properly irrigate his land, and the fact that, because of its slope, it requires more than does land which is more nearly level, cannot defeat this right. From the evidence it also appears that he has adopted the methods of irrigation commonly employed in his locality, and that any means which would lessen the excess would be so expensive as to be prohibitive.

What constitutes a reasonable use of water is a question of fact (Wiel on Water Rights, 3d ed., sec. 481), and depends upon the circumstances of each case, such as the size of the stream, the number of consumers, the character of the soil, the nature of the crops planted, and other like considerations (Long on Irrigation, 2d ed., p. 238), and the method commonly used in the vicinity has a bearing in determining the amount of water to which a user is entitled. (*Rodgers v. Pitt,* 89 Fed. 420.)

It is well settled that an easement for the purpose of drainage across the land of another may be acquired by prescription. (40 Cyc. 649; *Walley v. Wiley,* 56 Ind. App. 171, 104 N. E. 318; *Pascal v. Hynes,* 170 Iowa, 121, 152 N. W. 26; *Brand v. Lienkaemper,* 72 Wash. 547, 130 Pac. 1147; *Boynton v. Longley,* 19 Nev. 69, 3 Am. St. 781, 6 Pac. 437; *Campbell v. West & Mathis,* 44 Cal. 646.) Such an easement is real property, under the laws of this state, hence the period of adverse possession is that mentioned in secs. 4036, 4037 and 4039, Rev. Codes.

The order appealed from is affirmed and costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.