(February 11, 1922.)

## LAST CHANCE DITCH COMPANY, a Corporation, Appellant, v. H. SAWYER et al., Respondents.

[204 Pac. 654.]

PLEADING AND PRACTICE—STATUTES OF LIMITATION—EASEMENTS—PRE-SCRIPTION—PROTESTS BY OWNER OF SERVIENT ESTATE.

1. Where defendants allege in their answer title to an easement gained by prescription, they do not waive a plea of the statute of limitations because in their pleadings they refer to a section of the statute which does not apply.

2. Where a party alleges title to an easement resting upon prescription, the burden rests upon him to establish his right by evidence reasonably clear and convincing.

3. Where title to an easement gained by prescription is the issue, mere protests and notices to cease served upon parties claiming the easement by the owner of the servient estate are not sufficient to interrupt the continuity of the user or disprove acquiescence on the part of the owner of the servient estate.

4. Where a person claims an easement of a right to permit waste water from the irrigation of his lands to flow into a lower canal, the title thereto resting upon prescription, he must show that such waste water actually flowed into such canal during the period necessary to establish the right.

5. Claim of right is presumed from an open, notorious, continuous and adverse use of an easement, but is inconsistent with an admission in court by the person exercising the right that he did not claim to have any such right or title.

6. The burden is upon a person claiming a right to an easement by prescription to show the extent and the amount of his user and of the right claimed.

APPEAL from the District Court of the Seventh Judicial District, for Gem County.   Hon. Ed. L. Bryan, Judge.

Action for injunction. Judgment for defendants. *Modified.*

Wood & Driscoll, for Appellant.

Under the provisions of sec. 6713, C. S., it is necessary to refer expressly to the proper section numbers of the statutes to raise the question of the statute of limitations, and failure to so plead it waives it. (*Rogers v. Oregon-Washington R. & N. Co.*, 28 Ida. 609, 156 Pac. 98; *McLeod v. Rogers*, 28 Ida. 412, 154 Pac. 970.)

Defendant pleads only sec. 6611, C. S., and if this statute is not applicable, the question of whether any other section is applicable, though not pleaded, may not be urged on appeal without amendment in the court below. (*Tritthart v. Tritthart*, 24 Ida. 186, 133 Pac. 121.)

The burden is upon the party who claims title by prescription to clearly prove by competent evidence all the elements essential to such title. (*Brown v. Brown*, 18 Ida. 345, 110 Pac. 269; *Rollins v. Blackden*, 112 Me. 459, Ann. Cas. 1917A, 875, 92 Atl. 521; *Barlow v. Frink*, 171 Cal. 165, 152 Pac. 290; *Clarke v. Clarke*, 133 Cal. 667, 66 Pac. 10; *American Co. v. Bradford*, 27 Cal. 360.)

Protests and notices to quit interrupt the continuity of the user and disprove the acquiescence of the owner, thereby interrupting the running of the statute. (14 Cyc. 1147; *Stillman v. White Rock Mfg. Co.*, 3 Woodb. & M. 538, Fed. Cas. No. 13,446; *Chicago & N. W. Ry. Co. v. Hoag*, 90 Ill. 339; *Dartnell v. Bidwell*, 115 Me. 227, 98 Atl. 743, 5 A. L. R. 1320; *Powell v. Bagg*, 8 Gray (Mass.), 441, 69 Am. Dec. 262; *Lehigh Valley R. Co. v. McFarlan*, 30 N. J. Eq. 180; *Workman v. Curran*, 98 Pa. St. 226; *Nichols v. Aylor*, 7 Leigh (Va.), 546; *Reid v. Garnett*, 101 Va. 47, 43 S. E. 182; *Wooldridge v. Coughlin*, 46 W. Va. 345, 33 S. E. 233; *Crosier v. Brown*, 66 W. Va. 273, 66 S. E. 326, 25 L. R. A., N. S., 174; *Gwinn v. Gwinn*, 77 W. Va. 281, 87 S. E. 371; *Conner v. Woodfill*, 126 Ind. 85, 22 Am. St. 568, 25 N. E. 876; *Tracy v. Atherton*, 36 Vt. 503; *Tarpey v. Veith*, 22

Cal. App. 289, 134 Pac. 367; *Andries v. Detroit etc. Ry. Co.,* 105 Mich. 557, 63 N. W. 526.)

This is particularly true where the notice to quit has been followed by an actual cessation. (*Boynton v. Longley,* 19 Nev. 69, 3 Am. St. 781, 6 Pac. 437; *Rollins v. Blackden, supra.*)

The user must be accompanied by a claim of right or title inconsistent with the title of the owner or no prescriptive right can be acquired. (*Davis v. Cleveland ·etc. R. Co.,* 140 Ind. 468, 39 N. E. 495; *Bower v. Kollmeyer,* 31 Ida. 712, 175 Pac. 964; 9 R. C. L. 782, sec. 40; *Watkins v. Peck,* 13 N. H. 360, 40 Am. Dec. 156; 19 C. J. (Easement), 884.)

One claiming an easement by prescription who does not clearly show the extent and burden thereof fails in his proof. (*Strong v. Baldwin,* 137 Cal. 432, 70 Pac. 288; *Boynton v. Longley, supra.*)

J. P. Reed, for Respondents H. Sawyer et al.

The defense of the statute of limitations stated in general terms will be allowed to prevail, even though the particular section of the statute is not designated nor the facts constituting the bar alleged. (*Churchill v. Woodworth,* 148 Cal. 669, 113 Am. St. 324, 84 Pac. 155; *Southern Pac. Co. v. Santa Cruz,* 26 Cal. App. 26, 145 Pac. 736.)

The facts showing that appellant's cause of action is barred as against respondents are sufficiently pleaded in the twelfth paragraph of the answer. (*Osborn v. Hopkins,* 160 Cal. 501, Ann. Cas. 1913A, 413, 117 Pac. 519.)

In this state it is now established that the period of time required to obtain an easement by prescription is five years. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Beasley v. Engstrom,* 31 Ida. 14, 168 Pac. 1145.)

"The fact that the owner of the land, during the statutory period, protests or remonstrates against the exercise of the asserted right, without taking any positive action to prevent its exercise which might be made the ground of a legal action by a person entitled to the right, does not, by

the weight of authority, as well as of reason, prevent the acquisition of the right.'' (2 Tiffany's Modern Law of Real Property, chap. 24, sec. 448; *Lehigh Valley R. Co. v. McFarlan,* 43 N. J. L. 605; *School District v. Lynch,* 33 Conn. 330; 19 C. J. 883, and notes.)

Where the evidence shows claimant's open, notorious, visible, continuous, and unmolested use for the established period of prescription, the use will be presumed to be under a claim of right, and the burden of proof is then thrown upon the owner of the servient estate to rebut the presumption by showing that the use was permissive. (8 L. R. A., N. S., 149, and notes; *Fleming v. Howard,* 150 Cal. 28, 87 Pac. 908; *Kripp v. Curtis,* 71 Cal. 62, 11 Pac. 879; *Alper v. Tormey,* 7 Cal. App. 8, 93 Pac. 402; 14 Cyc. 1147; 19 C. J. 959; Jones on Easements, sec. 186; Washburn on Easements, 4th ed., 156; *Thompson v. Bowes,* 115 Me. 6, 1 A. L. R. 1365, 97 Atl. 1; *Pavey v. Vance,* 56 Ohio St. 162, 46 N. E. 898.)

I. N. Sullivan and W. E. Sullivan, for Respondents Sullivan.

Under the provisions of C. S., sec. 6713, the pleader may either state the facts constituting the bar of the statute, or he may simply state that the action is barred by the provisions of certain sections of the statute of limitations, giving the sections. (*Montgomery v. Locke,* 72 Cal. 75, 13 Pac. 401; *Osborn v. Hopkins,* 160 Cal. 501, Ann. Cas. 1913A, 413, 117 Pac. 519.)

The giving of a written notice by plaintiff did not suspend the running of the statute. (*Lehigh Valley R. R. Co. v. McFarlan,* 43 N. J. L. 605; *Cox v. Clough,* 70 Cal. 345, 11 Pac. 732; *Silva v. Hawn,* 10 Cal. App. 544, 102 Pac. 952.)

There must be some open act of the owner to prevent the statute from running, and the mere verbal disputing of the right of the claimant by the owner is not sufficient. (Kinney on Irrigation and Water Rights, sec. 1053; *Oregon Const. Co. v. Allen Ditch Co.,* 41 Or. 209, 93 Am. St. 701, 69 Pac.

455; 9 R. C. L. 781; 2 Tiffany on Real Property, 2d ed., secs. 514–531.)

Parties are bound by, and estopped to controvert, allegations or admissions of their own pleadings. (31 Cyc. 87; 21 C. J. 482, 483.)

RICE, C. J.—This action was instituted by appellant Last Chance Ditch Company against eighty-nine different defendants, for the purpose of obtaining an injunction to restrain the defendants from permitting waste water from the irrigation of their lands from running into appellant's canal. It is alleged that such waste water carried large quantities of sand and silt into the canal and caused the water in the same to fluctuate so as to interfere with its proper control and management as an irrigation canal. The action was dismissed as to five of the defendants, and thirty-eight defendants appeared and answered. The judgment was in favor of appellant as to all defendants except twenty-six named therein. As to those defendants the court found that they had obtained a right by prescription to permit their waste water to flow into the canal, and as to them the action was dismissed. The question presented by the appeal is whether or not the twenty-six respondents had obtained a prescriptive right to permit waster water from their lands to flow into appellant's canal.

Respondents pleaded that the action was barred by C. S., sec. 6611. It was held in *Beasley v. Engstrom,* 31 Ida. 14, 168 Pac. 1145, that this section does not apply, and that sections 6596, 6597 and 6599 are the sections of the statute of limitations applicable in cases of this kind. However, respondents pleaded affirmatively that they and each of them had enjoyed an easement in appellant's canal for the purpose of discharging and disposing of the excess and waste irrigation waters from their lands for a period of more than five years, with the knowledge of appellant, and that the use of such easement has been continuous, uninterrupted, adverse, open, notorious and nonpermissive. We think respondents

did not waive the plea that the cause of action was barred by failure to refer to the proper sections of the statute, in view of the affirmative allegations above set forth, and that the issue as to their prescriptive right was raised by the answer.

The respondents having alleged a prescriptive right, the burden rested upon them to establish it by evidence reasonably clear and convincing. We shall consider the proof with relation to the various elements necessary to establish a prescriptive right which are challenged by appellant.

Appellant contends that having shown that it served protests and notices to cease upon the various respondents, that such protests and notices interrupted continuity of the user and disproved the acquiescence of the owner of the canal and thereby interrupted the running of the statute.

Upon this point the authorities are in conflict. The leading case supporting appellant's contention is *Powell v. Bagg*, 8 Gray (Mass.), 441, 69 Am. Dec. 262. Reference should be made also to *Dartnell v. Bidwell*, 115 Me. 227, 98 Atl. 743, 5 A. L. R. 1320, and the note, wherein many authorities on both sides of the question are collected.

The reason supporting appellant's contention is stated in *Powell v. Bagg, supra*, as follows: "From such use of an easement for twenty years, the law will presume a non-appearing grant. But before the lapse of that period, if the owner of land, by a verbal act on the premises in which the easement is claimed, resists the exercise of the right and denies its existence, the presumption of a grant is rebutted, his acquiescence in the right claimed is disproved, and the essential elements of a title to an easement by adverse use are shown not to exist."

We are of the opinion, however, that the recognized fiction of a lost grant should not be given such controlling efficacy. While it is true that the statute of limitations does not in terms apply to the acquisition of title to an easement by prescription, it is generally held that by analogy such statutes are applicable. The use of an easement constitutes a direct

invasion of the dominion of the proprietor of the land, and the statute forbids maintenance of an action to prevent such use as has been enjoyed openly, continuously, adversely, and with the acquiescence of the owner for a period of five years or more. The statute announces the policy of the law. It does not appear to be founded upon the fiction of a lost grant, but upon the proposition that it is the policy of the state to discourage litigation of matters which, through the lapse of time, should be considered as settled. We think the acquiescence of the owner of land in case of continuous and adverse user of an easement is presumed, and can be disproved only by showing acts upon his part which interrupt the continuity of the use, or by appropriate action in court to prevent its continuance. (See *Lehigh Valley R. Co. v. McFarlan,* 43 N. J. L. 605.)

Appellant also contends that as to fourteen of the twenty-six respondents, there was no proof that waste water from their lands ran into the appellant's canal for a longer period than three years. We think appellant's contention must be sustained as to all these respondents, with perhaps the exception of H. D. Carmichael. The proof was to the effect that the land of these respondents had been in cultivation and artificially irrigated from five to seven years. There was also evidence that the lands of these respondents lay above the appellant's canal, and that if there was sufficient waste water therefrom to reach the canal it must have flowed into it. But proof of the cultivation and irrigation of lands is not proof that waste resulted from such irrigation, much less is it proof as to the amount of such wastage. A prescriptive right to waste water into a lower canal cannot be established short of direct proof that the water has actually flowed therein during the period necessary to establish the right.

It is next contended that the use by respondents was not under a claim of right in themselves. Claim of right is presumed from an open, notorious, continuous and adverse use. It is not consistent, however, with an admission on the part

of claimant that he did not have such a right. In the case
at bar, respondent Wilson testified that he never claimed a
free right, and also that he had met with the directors of
appellant company in an endeavor to reach an agreement
with them as to compensation for the right. The same
admission substantially appears in the testimony of Hartley,
Modin, Hitt and Wright. The only witness who expressly
testified as to a claim of right was I. N. Sullivan.

Finally, it is contended by appellant that the burden is
on the party claiming the right by prescription to show the
extent and the amount of his user and of the right claimed.
This position is undoubtedly correct. (*Boynton v. Longley,*
19 Nev. 69, 3 Am. St. 781, 6 Pac. 437; *Strong v. Baldwin,*
137 Cal. 432, 70 Pac. 288; *Crosier v. Brown,* 66 W. Va. 273,
66 S. E. 326, 25 L. R. A., N. S., 174.) In this case the court
made the following finding: "That the amount of water
available for the irrigation of defendants' lands as a whole,
and the amount of land irrigated by defendants as a whole,
and the amount of waste water permitted by defendants as
a whole to run into plaintiff's said canal has greatly in-
creased from year to year during the past five years; that
at all times, whenever there has been sufficient waste water
to run off said defendants' lands into said canal, all that
there was has been permitted to run into plaintiff's said
canal."

In controversies such as the one at bar, the law does not
require those claiming a prescriptive right to prove the ex-
tent of the right to a nicety, but the burden is upon them
to show with substantial certainty the extent of the ease-
ment which they have enjoyed for a period of at least five
years. The respondents have failed to meet the burden in
this respect, with the exception of I. N. Sullivan and W. E.
Sullivan, so far as their claim relates to the waste water
flowing from their twenty-acre orchard. The testimony
with respect to this particular orchard shows that these re-
spondents had twelve and a half inches of water for the
irrigation thereof; that the orchard had been irrigated with

that amount of water since the spring of 1909, and that the waste water therefrom flowed into the canal. This proof shows with reasonable certainty the extent of the easement enjoyed by them. This does not include the other tract of land owned by these respondents. •

The judgment is reversed as to all respondents except I. N. Sullivan and W. E. Sullivan, so far as the same relates to their twenty-acre orchard. Costs are awarded to appellant.

McCarthy and Dunn, JJ., concur.

Budge, J., did not take any part in the decision.