(No. 5457. May 20, 1930.)

CARL E. JOHNSON, Respondent, v. FRED GUSTAFSON, Appellant. H. H. PLANK, Respondent, and MINNIE RENO, Defendant.

[288 Pac. 427.]

O. A. Johannesen, for Appellant.

C. E. Crowley and Arthur W. Holden, for Respondents.

VARIAN, J.—In the year 1890 one Tautphaus made homestead entry of the southwest quarter of section 30, township 2 north, range 38, E. B. M., and continued in the possession thereof for more than twenty years, during which time he actively farmed and improved the same, bringing the entire tract under cultivation. The parties to this suit have each acquired a portion of the said original Tautphaus homestead entry. Defendant Gustafson owns 33.94 acres in what is practically the southwest quarter of the larger tract. His deed is dated June 11, 1913. In 1925 plaintiff Johnson acquired the tract adjoining Gustafson on the east, containing 38.4 acres and embracing nearly all of the southeast quarter of the Tautphaus tract, by deed from the grantee of the heirs of Tautphaus. Defendant Plank has title to 28 acres, or most of the northeast quarter of the Tautphaus tract, adjoining Johnson on the north, acquired by deed in 1910. The defendant Reno owns the remainder of the tract lying north of Gustafson and west of Plank.

The topography is such that water placed upon Plank's lands, as well as upon about five acres of defendant Reno's lands, for irrigation, which is not absorbed by the soil or evaporated, drains off on to the Johnson land, and, with such water originating from irrigation by Johnson, continues on to the Gustafson lands, from whence it passes through a culvert under a highway into an irrigation canal. The court found that there is a natural depression or basin, which is alluded to in the evidence by some of the witnesses as a "swale," extending from Plank's land southwesterly through Johnson's land and thence through Gustafson's land to the said highway. In the fall of 1911, while in possession of his lands under contract, Gustafson erected a low dike of earth, about six inches high, upon which he constructed the division fence, across the depression aforesaid and along the easterly line of his land, designed to

obstruct the surface and surplus waters flowing on to his land from the Johnson lands. Later, in the fall of 1927, Gustafson erected a new earthern dike, about eighteen inches high, close to and paralleling the six-inch dike.

Johnson commenced this suit early in 1928, against Gustafson, Plank, and Minnie Reno, for the purpose of compelling Gustafson to remove his dike constructed in 1927 and enjoining him from further interference with said drainway, claiming an easement across his lands for drainage purposes, and praying the determination of the rights of plaintiff and all the defendants in such drainway, and for general relief. Plank answered, admitting practically all of the allegations of the complaint, and by cross-complaint asked for the same relief for himself as demanded by plaintiff, and that Johnson and Gustafson be enjoined from interfering with the drainway or waste water from cross-complainant's lands.

In answer to the complaint, defendant Gustafson alleges the erection of the six-inch dike about 1911, and that he has since that time maintained the same, etc.; denies the material allegations of the complaint and cross-complaint as to the existence of a drainway; denies the necessity to irrigate in such a manner as to develop surplus water upon the lands of the other parties; and denies that either of the parties has an easement to drain surplus or waste waters through his said lands. The answer to the cross-complaint further alleges carelessness on the part of the other parties in handling and wasting irrigation water, etc., and pleads right by prescription to maintain the dike along the east boundary line of his premises.

Defendant Minnie Reno defaulted. The cause was tried to the court without a jury, and, upon conflicting evidence, findings and decree were entered in favor of plaintiff Johnson and cross-complainant Plank. Defendant Gustafson alone appeals.

██ But three questions are presented by this appeal. It is clear from the record that the original patentee (Tautphaus) of the lands involved used the natural drainway

to take away his surplus irrigation water, and never attempted to dam the same at any place. The several deeds of conveyance from his widow or heirs to plaintiff and the several defendants, including plaintiff Johnson's grantor, contain no particular grant of any easement to run waste or surplus water across Gustafson's lands. However, the deed in every instance contains the usual clause, following the description of the land, conveying the "appurtenances." A general grant of the "appurtenances" is sufficient to carry an appurtenant water right not specifically described in the deed. (*Russell v. Irish,* 20 Ida. 194, 118 Pac. 501. See C. S., sec. 5375.) And the general rule is that where an easement is annexed to land, either by grant or prescription, it passes as an appurtenance with the conveyance "of the dominant estate, although not specifically mentioned" in the deed, or even without the use of the term "appurtenances," "unless expressly reserved from the operation of the grant." (19 C. J., pp. 935, 936.)

True, an easement is defined as a right in the lands of another, and therefore one cannot have an easement in his own lands (19 C. J., p. 863), but where the owner of an entire tract employs a part thereof so that he "derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent *quasi* easement exists, such easement being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication." (19 C. J., p. 914. See, also, 1 Thompson on Real Property, sec. 352; 9 R. C. L., p. 755, sec. 22; *German Savings & Loan Society v. Gordon,* 54 Or. 147, 102 Pac. 736, 26 L. R. A., N. S., 331.)

Unquestionably, from the evidence here, Tautphaus for many years made use of the natural drainway to carry off irrigation as well as natural surface waters from most of his entire tract. Under the system of irrigation practiced in the vicinity, considering the character of the soil and slope of the land, a certain amount of surplus water did not penetrate and ran off the land, eventually finding

its way, through the natural drain, to the irrigation canal. The right so to drain the land, including the several parcels sold by Tautphaus' widow and heirs, was necessary for the reasonable enjoyment of the said tracts and the profitable irrigation thereof, thus bringing the case fairly within the rule cited.

As to the plaintiff Johnson, his grantor purchased from the Tautphaus heirs long after defendant Gustafson received his deed in 1913. While the latter's deed contains no express reservation of the appurtenant easement belonging to the Johnson land, it would come within the doctrine of implied reservation. The rule is thus stated by Mr. Thompson:

"As a general rule there is no implied reservation of an easement in case one sells a part of his land over which he has previously exercised a privilege in favor of the land he retains, unless the burden is apparent, continuous, and strictly necessary for the enjoyment of the land retained." (1 Thompson on Real Property, sec. 356.)

See, also, 9 R. C. L., p. 765, sec. 28; 19 C. J., p. 920, sec. 113; *Kallenburg v. Long,* 39 Cal. App. 731, 179 Pac. 730; *Cheda v. Bodkin,* 173 Cal. 7, 158 Pac. 1025. The California cases cited seem to hold that strict necessity is not essential to establish an implied reservation.

In any event, the court found, upon conflicting evidence, that Plank, Johnson and Reno, and their predecessors, had established a prescriptive right to flow their waste and surplus irrigation waters through the natural drainway across Gustafson's land. This court has held that a right to flow not only waste waters, but surplus irrigation water, occurring under a situation identical with the one we are dealing with, may be established by prescription.

"In view of the evidence and the findings of the court, the use of the water by respondent and the drainage resulting therefrom cannot be deemed waste as contemplated by the statutes. He has a right to divert sufficient water to properly irrigate his land, and the fact that, because of its slope, it requires more than does land which is more

nearly level, cannot defeat this right. From the evidence it also appears that he has adopted the methods of irrigation commonly employed in his locality, and that any means which would lessen the excess would be so expensive as to be prohibitive. . . . . It is well settled that an easement for the purpose of drainage across the land of another may be acquired by prescription.'' (*Beasley v. Engstrom,* 31 Ida. 14, 168 Pac. 1145, 1146.)

See, also, *Last Chance Ditch Co. v. Sawyer,* 35 Ida. 61, 204 Pac. 654, 655.

██ The third question is: Did Gustafson establish a prescriptive right to maintain a dike across the drainway? Appellant contends that the preponderance of the evidence shows that such dike had been maintained in fact for more than the statutory period. It is not deemed necessary to discuss the evidence. As before stated, the evidence was conflicting, and there is ample evidence to sustain the court's finding that Gustafson did not maintain the dike for the statutory period, which, under the rule, will not be disturbed. The appellate court will not weigh the evidence. (*Cameron Lumber Co. v. Stack-Gibbs Lumber Co.,* 26 Ida. 626, 144 Pac. 1114; *Kelley v. Smith,* 47 Ida. 368, 276 Pac. 302; *Olson v. Olson,* 47 Ida. 374, 276 Pac. 34; *Sorensen v. Larue,* 47 Ida. 772, 278 Pac. 1016.)

██ In this connection, we think Gustafson's evidence does not measure up to the requirement that while ''the law does not require those claiming a prescriptive right to prove the extent of the right to a nicety,'' the ''burden is upon them to show with substantial certainty the extent of the easement which they have enjoyed for a period of at least five years.'' (*Last Chance Ditch Co. v. Sawyer, supra.*)

██ The court decreed that five acres of Minnie Reno's land naturally drain into the drainway or basin aforesaid, and that the right of drainage through the Johnson and Gustafson lands was appurtenant to her said five acres. Minnie Reno having defaulted, this is assigned as error. Defendant Gustafson claimed no affirmative relief

against Minnie Reno in his answers to the complaint and cross-complaint. The relief awarded her is in strict conformity to that asked for in the complaint and cross-complaint. While she is in no position to claim error in the proceedings, the relief awarded her is only incidental to the relief granted plaintiff and cross-complainant.

On the whole case, the evidence sustains the findings and decree, which is affirmed. Costs to respondents.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.