**295 P.2d 271**

Adam JORDAN, Elisha Holden and Wayne A. Lonkey, Plaintiffs-Respondents,

v.

John L. YODER, Defendant-Appellant.
No. 8351.

Supreme Court of Idaho.

March 27, 1956.

Gigray & Boyd, Caldwell, for appellant.

480

Laurence N. Smith, Caldwell, for respondents.

TAYLOR, Chief Justice.

Plaintiffs (respondents), owners of lands lying below the lands of defendant (appellant) in the same natural drainage area, brought this action to enjoin defendant from wasting surplus irrigation water from certain of his land through a waste-way across the lands of the plaintiffs.

The court found that from 1930 to an undetermined date between 1940 and 1945, surplus irrigation water from approximately 69½ acres of defendant's land was wasted through the lands of the plaintiffs Lonkey and Holden. This water by-passed the Jordan property on the east. The waste from 67½ of the 69½ acres passed through a siphon beneath the Deer Flat-

Caldwell canal at a point near the southwest corner of defendant's land. Upon the undetermined date—which the evidence indicates was most likely 1942—the use of the siphon for waste water was discontinued. One witness, Van Curen, the watermaster, testified without contradiction that wasting from the 67½ acres by way of this underpass was discontinued because of objections made by Lonkey and another neighbor below. Thereafter each year, to and including 1953, the surplus water from the 67½ acres was wasted into the canal. Such evidence not only shows that the right was questioned, but supports the court's conclusion of abandonment. See: Sullivan Const. Co. v. Twin Falls Amusement Co., 44 Idaho 520, 258 P. 529; Carrington v. Crandall, 65 Idaho 525, 147 P.2d 1009; 1 C.J.S., Abandonment, §§ 3, 7 c, pp. 8, 15, 16; 1 Am.Jur., Abandonment, §§ 8, 9, 10, 15.

Before the irrigation season of 1954, the Boise Project, Board of Control, abandoned the portion of the canal crossing defendant's land and the land adjoining it on the west, and replaced that portion with an underground siphon, in a different location, parallel with and along the north boundary of the lands of defendant and his neighbor on the west. The abandoned portion of the canal was filled in and leveled off by the respective owners. No opening was provided in the siphon to admit defendant's waste water. Instead, a ditch was constructed along the route of the siphon to the bottom of the draw crossed by the

siphon, and connected to a waste ditch running north through the lands of the plaintiffs.

In 1954, when defendant allowed his waste water to flow through this new ditch and into the waste ditch, it caused the waste ditch to overflow upon the premises of Jordan and Lonkey. This action was commenced in July, 1954, to enjoin such additional use of the waste-way.

The court's findings are further to the effect that any previously existing right to run waste water through the common waste-way, by way of the Lonkey property, had been abandoned, except as to waste from two acres lying below the former canal in the northwest corner of defendant's property. The court also found and concluded that no new right had been acquired to run the waste water from the 67½ acres through plaintiffs' property, nor from the two acres by the route used in 1954. The conclusion is correct. Beasley v. Engstrom, 31 Idaho 14, 168 P. 1145; Bower v. Kollmeyer, 31 Idaho 712, 175 P. 964; Last Chance Ditch Co. v. Sawyer, 35 Idaho 61, 204 P. 654; Hall v. Taylor, 57 Idaho 662, 67 P.2d 901; Loosli v. Heseman, 66 Idaho 469, 162 P.2d 393.

These findings are amply supported. In fact there is not much conflict in the evidence as to the facts above recited. In such case we cannot disturb the court's findings. Hancock v. Halliday, 70 Idaho 446, 220 P.2d 384; Parke v. Parke, 76 Idaho 168, 279 P.2d 631.

Judgment affirmed.

Costs to respondents.

KEETON, PORTER and SMITH, JJ., and SUTPHEN, District Judge, concur.