JOHN O'REAGAN, Appellee, v. MICHAEL DUGGAN AND FRANK WEBBER, Appellants.

**Prescription:** EVIDENCE: *Use.* Under Code, section 3004, providing that when an easement in land is claimed by prescription the fact of adverse possession shall be established by evidence distinct from the use, evidence that a grantor of a tract of land intended that the deed thereof should carry with it a right of way over another tract owned by him, and that the grantee of the latter tract at the time of the conveyance thereof was so informed, is sufficient as a foundation of a claim of right which may ripen into title by adverse user.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

SATURDAY, OCTOBER 18, 1902.

ACTION in equity to enjoin the obstruction of an al-
leged private way.  Decree for plaintiff, and defendants
appeal.—*Affirmed.*

*Bowen & Fitzpatrick* for appellants.

*A. P. Gibbs* and *Wm. Graham* for appellee.

WEAVER, J.—In March, 1880, John O'Reagan, Sr., be-
ing the owner of the west ½ of section 15, township 80,
range 2, east, in Dubuque county, conveyed the northwest
¼ of said section to the plaintiff, and in April following
conveyed the southwest ¼ to the defendant Michael Dug-
gan.  At the date of said conveyances the dwelling house,
which had long been occupied by O'Reagan, Sr., was situ-
ated on the land conveyed to plaintiff.  There was then
no access to said northwest ¼ from the public highway with-
out crossing the lands of third persons, except a traveled
path extending from said residence in a southerly direc-
tion across the land now owned by Duggan to a highway
spoken of in the record as the "Military Road."  From the
time of the conveyance to him in 1880 to the year 1898,
plaintiff continued to use this way to the public road with-
out obstruction or interference, except that for some years
gates have been maintained across the path in the line
fence between the parties and in the fence bordering the
highway.  In the year last named, some dispute arose be-
tween the plaintiff and the defendant Webber, who is the
tenant of Duggan, over an alleged failure to keep the gates
closed when not in use, which dispute resulted in the
locking of the gates by Webber, and the obstruction of the
path against plaintiff.  In this action, plaintiff sets up the

foregoing state of facts, and bases his right to the continued enjoyment of said way upon the following grounds: (1) That when the land in the northwest ¼ was conveyed to him, it was understood between him and his grantor that the use of the way across the southwest ¼ was to be appurtenant to the premises conveyed, and, while such clause was by mistake omitted from the deed, the defendant Duggan took the subsequent conveyance of the southwest ¼ with knowledge of plaintiff's rights, and with knowledge that plaintiff was then in the actual occupancy and use of the way. (2) That he took conveyance to his said land under an agreement with his grantor that he should have free and unrestricted use of said way as appurtenant to his said land, and that under said agreement he entered upon the possession and use of said way, and from said date to the year 1898, a period of more than 18 years, continued in the constant possession and use thereof under claim of right; that said claim, occupation, and use have been open, notorious, and adverse to the claim of absolute title by the defendant, who during all that period raised no objection to such use and claim of right by plaintiff. The defendants admit the ownership of the tracts of land as alleged, but deny plaintiff's right to the use of the way in controversy. The trial court found for the plaintiff, and perpetually enjoined defendants from interfering with the plaintiff's enjoyment of said right of way.

I. A large part of the argument of appellants is devoted to the proposition that the facts attending the conveyance of the northwest ¼ to plaintiff were not such as to give him a right of way across the southwest ¼ by necessity, and that, if such right of way by necessity did pass, such necessity has since ceased, and, as a matter of law, the right ceased therewith. While this question is one of interest, and its application to this case would not be entirely free from difficulty, it is not presented by the pleadings, and we cannot properly undertake to decide it. The

ease or difficulty of access to plaintiff's land, and other facts surrounding the property and the parties to the conveyance at the time, may, however, be properly considered, as bearing upon the reasonableness of the plaintiff's story that there was in fact an agreement to grant the right of way as appurtenant to the lands conveyed. The issue presented by the pleadings is (1) whether John O'Reagan, Sr., did undertake to grant such right of way to his son, and, if so, whether Duggan took his subsequent conveyance with notice of such right in the plaintiff; and (2) whether plaintiff has acquired such right of way by prescription or adverse user.

II.   It will not be profitable to enter into a particular recital of the testimony.   Generally speaking, it tends to show that John O'Reagan, Sr., was an early settler upon the lands now owned by plaintiff and defendant; that his residence was upon the northwest $\frac{1}{4}$; that the land was more or less rough and broken, and that the public road was reached by the way in controversy; that such way was so used for the convenience of the occupants of these lands for more than 40 years; that during the time since the conveyance to plaintiff he has put in and maintained a gate in the line fence to enable him to use the way, and has repeatedly worked upon and repaired the path at various points on the defendant's tract; that he has at all times asserted his right to enjoy such use; and that such right was never disputed or contested by Duggan until the year 1898.   There is evidence, also, that O'Reagan, Sr., informed Duggan before making the conveyance to the latter that his son, as the owner of the northwest $\frac{1}{4}$, had a right of way across the southwest $\frac{1}{4}$, and that Duggan responded that he and John would have no trouble over that matter.   Witnesses also testify to admissions by Duggan indicating that he understood plaintiff's claim, and recognized his right to use the way.   Many of these things are denied by the defendant, but, in view of all the admitted

circumstances, we think the preponderance of evidence is with the plaintiff. Appellant contends that under the statute (Code, section 3004) the use of the way by plaintiff s wholly immaterial. This, we think, is not the effect of the statute. That provision is simply to the effect that the mere use shall not be taken as evidence of a claim of right, and the fact of adverse possession must be established by evidence independent of the mere user. Such evidence is supplied in this case by testimony tending to show that O'Reagan, Sr., did intend or understand that his deed to his son carried with it a right of way across the southern tract, and so told Duggan; and while this understanding between the father and son would not in itself create or transfer a title to the easement, enforceable against a subsequent purchaser without notice, it is sufficient as a foundation of a claim of right, which may ripen into a good title by adverse user. A claim of title which exists in parol is sufficient for such purpose. *Hamilton v. Wright,* 30 Iowa, 486. We have, then, in this case, a claim of right shown, independent of the user, the repair and improvement of the way, and the use thereof under such claim, with the knowledge of the defendant, for much more than the statutory limitation.

The record amply justifies the conclusion of the trial court, and the decree appealed from is AFFIRMED.