E. O. STOVERN, Appellant, v. SEVERN STOVERN et al., Appellees.

**HIGHWAYS:** From Necessity—Easement From Adverse Use. Long continued use of a roadway (in this case 30 years) under a claim of right which is acquiesced in by the owner of the land, ripens into an irrevocable easement.

*Appeal from Winneshiek District Court.*—JAMES D. COONEY, Judge.

DECEMBER 11, 1924.

THE plaintiff claims an easement of private way across the lands of the defendant, and seeks an injunction to restrain the defendant from closing up said roadway. The court dismissed the plaintiff's petition, and he appeals.—*Reversed.*

*Goheen & Goheen* and *E. R. Acres,* for appellant.

*C. S. Boice,* for appellees.

FAVILLE, J.—Appellant and appellee Severn Stovern are brothers. Their father owned a quarter section of land. Sometime after the father's death, the sons deeded their interest in the land to the mother; and in 1898, reconveyances were made, by which the tract of land was divided, and appellant became the owner of the southeast forty of said quarter section, and the remaining portion thereof was deeded to appellee Severn. There was a public highway lying to the north of appellee's premises; and in order to reach said highway, it was necessary for appellant to travel across a portion of the land of appellee lying to the north of the land of appellant. The accompanying plat will show the location of the two tracts of land and the

course and direction of the private way that was used by appellant.

The evidence shows that, for something like thirty years, appellant has continuously used this private way as a means of passage from his farm to the public highway lying to the north. There is some evidence in the record of a slight deviation from the traveled track for a temporary purpose, while crops were being gathered, in one or two instances; but, on the whole, the record is quite conclusive that the road has been traveled continuously by appellant in practically the same location for upwards of thirty years. All of this has been done by appellant under a claim of right so to do, and with full knowledge on the part of appellee that the premises were being so used by appellant.

The rule is familiar that, under our statute, a mere user does not create an easement in the premises. But there is much

more than the continuous and uninterrupted use in this case. Appellee Severn, as a witness in his own behalf, testified that he knew of the use of the road by appellant, and knew that all of these years appellant claimed a right to use it. He also testified that he had no objection to the use of the road by appellant, "if he stayed on the old road." There is also some competent evidence in the record in regard to declarations by the mother of the parties, to the effect that appellant was to have the right of way across appellee's land.

We are impressed with the fact that there is no serious conflict in the evidence with regard to the fact that appellant has used the road in question for a long period of time, under a claim of right to do so, and the knowledge and acquiescence on the part of appellee that he was so using it. It also appears that, in the division of the land by deeds from the mother to appellant and appellee, the roadway in question was, in reality, a roadway of necessity, leading from appellant's land across the land of appellee, to the public highway. In some respects, the case resembles *Lembke v. Lembke*, 196 Iowa 136. See, also, as bearing on the question, with a discussion of the law pertinent thereto, *La Plant v. Schuman*, 197 Iowa 466; *O'Reagan v. Duggan*, 117 Iowa 612.

No doubtful question of law is involved in the case. From an examination of the record, we are satisfied that appellant has established, by sufficient legal evidence, his right to the maintenance of a private way across the land of appellee, at the place claimed by appellant, and that the same constituted more than a mere license, and is an easement.

The trial court erred in dismissing appellant's petition; and a decree for an injunction restraining appellee from interfering with appellant's use of said private way in the manner in which it has been used by him continuously for the past thirty years should have been granted. The cause will be reversed for the entry of a decree in accordance with this opinion. It is so ordered.—*Reversed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.