LILA A. B. MOLENE, Appellee, v. A. B. TANSEY et al., Appellants.

**EASEMENTS:** Creation—Mutual Agreement and Acquiescence. A driveway equally upon the dividing line between two adjoining owners may be used by them under such conditions of mutual acqui-

escence and agreement as to ripen in each an irrevocable easement. (See Book of Anno., Vol. 1, Sec. 10175.)

**Headnote 1:** 19 C. J. p. 964.

**Headnote 1:** 9 R. C. L. 779.

*Appeal from Polk District Court.*—L. L. THOMPSON, Judge.

## MAY 3, 1927.

Action to enjoin the defendants from constructing a curb and a cement driveway upon their property adjoining that of the plaintiff in such a manner as to interfere with plaintiff's use of a portion of defendants' lot as a driveway. The court granted the relief prayed, and defendants appeal. The facts appear in the opinion.—*Affirmed.*

*Wilson & Shaw* and *Tom K. Murrow,* for appellants.

*John McLennan,* for appellee.

FAVILLE, J.—The following plat will aid in an understanding of the question involved:

Appellants are the owners of Lot 43, and appellee is the owner of Lot 44. Each lot is 50 feet in width. Appellants' house is erected at a considerable distance north of the division line. Appellee's house is located 4 feet and 16 inches south of the said division line. The appellee acquired the property in 1916, under contract, and took possession and acquired deed in 1922. At that time, one Housh owned the appellants' property. Appellants acquired Lot 43 in 1918. At that time, there was a driveway existing on the line between the two lots, approximately 8 feet in width, 4 feet being on each of said lots. There were at that time no definite lines marking said driveway. It was used by parties going to the premises of each of said parties, and for the delivery of coal and other like uses. There is evidence in the record to the effect that, during the intervening time, both of the parties have made repairs upon said driveway in a simple manner by putting cinders and ashes thereon. The street was paved sometime in 1921, and at that time the opening in the curb for a driveway was left at a width of 10 feet, 5 feet on each of said lots. There is evidence tending to show that the curb was constructed in this manner by oral agreement between the parties. The appellants now propose to place a curb along the south line of their lot and to construct a cement driveway upon their own lot to the north of such curb. The result of such construction would be to render it impossible for the appellee to use any portion of said old driveway upon the appellants' lot. This construction the appellants were enjoined from making.

The sole question for determination is whether or not, under the record, the appellee has established an easement in the south 4 feet of appellants' lot for use as a driveway, so that the appellants should be enjoined from interference with said use of said portion of said lot by the appellee. We are constrained to hold that the evidence is sufficient to sustain the conclusion of the trial court that the appellants should be so enjoined from interfering with the use of said lot by the appellee. The mere use of the premises is not sufficient of itself to establish an easement, but we have more than that in the instant case. We think it is sufficiently shown by the record that the use of the 8-foot strip along the division line between said two lots as a common driveway for the benefit of both lot owners was established by mutual

agreement and acquiescence for such a period of time that each party has acquired a right of easement in the said strip for common purposes of a driveway. There is added force to this conclusion by reason of the fact that, at the time the street in front of said properties was paved, the opening in the curb line for driveway purposes was fixed at a width of 10 feet,—5 feet from the division line of said lots. This, we think, under the evidence, was done under a mutual agreement between the lot owners, and for their common benefit, and was made in reference to the existing driveway. No question of law is involved in this case that has not been established by the frequent decisions of this court. See *Stovern v. Stovern,* 198 Iowa 1327; *LaPlant v. Schuman,* 197 Iowa 466; *Lembke v. Lembke,* 196 Iowa 136. We think that the evidence sustains the conclusion of the trial court that an easement was established in the said driveway extending 4 feet in width upon appellants' lot, and that the trial court did not err in the decree entered in said cause.

The decree appealed from is—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.