[Civ. No. 16317.   Second Dist., Div. Three.   Dec. 1, 1948.]

WILBUR ADAMS et al., Appellants, v. ESTATE OF FRED J. SMITH et al., Respondents.

Stead & Boileau for Appellants.

Allard, Brownsberger, Shelton & O'Connor for Respondents.

SHINN, P. J.—Wilbur Adams and Herman H. Garner, plaintiffs and appellants, are the owners of land in the city of Pomona, improved with a citrus grove, which they acquired in 1925. Defendants and respondents, Smith and First National Bank of Pomona as trustee, are the owners of a citrus grove which was acquired by Fred J. Smith, deceased, in 1885, and which lies immediately west of the grove of plaintiffs. A space some 10 feet or more in width extends along the boundary line of the two properties between the west row of plaintiffs' trees and the east row of the trees of defendants. Some time prior to 1900, defendants' predecessor installed a pipe line on this strip which, admittedly, encroaches upon plaintiffs' property for as much as 2 feet in some places and 5 feet in others. The pipe line is underground, with standpipes coming to the surface. In the irrigation of their grove and other operations thereon, defendants made use of the standpipes and the strip of land in question, as hereinafter set forth. The present litigation arose when it was discovered by plaintiffs that the pipe line was located upon their property. They brought the present action to quiet title. Defendants appeared by answer and also by cross-complaint in which they set up their right to an easement for roadway purposes and for the carrying of water by pipe line over, on and across the westerly 5 feet of plaintiffs' land, asserting that they and their predecessors in

interest, for more than 40 years last past, had used said premises for said purposes openly and uninterruptedly and with the knowledge of the plaintiffs and cross-defendants. Plaintiffs and cross-defendants answered the cross-complaint, denying that the land had been so used under a claim of right and alleging that the use was permissive only. The court found that cross-complainants and their predecessors had for more than 40 years last past "openly, continuously, uninterruptedly and adversely" used said parcel of land for roadway purposes and for the purpose of conveying water to and across their said land for irrigation purposes. The judgment declared defendants and cross-complainants to be the owners of said easements. Plaintiffs and cross-defendants appeal.

■ The sole ground of the appeal is insufficiency of the evidence to justify the finding as to the adverse character of the uses which defendants have made of the parcel in question. It is said that there was no evidence that defendants' use of the land was adverse, and that the court should have found the use to have been permissive, although there was no evidence that permission to make use of the parcel had ever been asked or given. Respondents concede that there was no direct assertion upon their part or that of their predecessors of the right to make use of the land and that the finding of the adverse nature of the use rests upon a presumption of adversity which, they say, was properly drawn from the circumstances in evidence. We think the respondents are clearly correct in their position. The rule which governs was stated in *Pacific Gas & Electric Co.* v. *Crockett Land & Cattle Co.*, 70 Cal.App. 283, 291 [233 P. 370], as follows: "Accordingly, it has been held in this state that where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown the law will presume the elements of hostile intent and that the use is adverse and under a claim of right (*Franz* v. *Mendonca*, 131 Cal. 205 [63 P. 361]; *Fleming* v. *Howard*, 150 Cal. 28 [87 P. 908]; *Clark* v. *Clark*, 133 Cal. 667 [66 P. 10]). If the other party relies upon the fact that these acts were permissive or in the nature of a license, or merely given as a matter of accommodation, it is incumbent upon him to rebut the presumption of a nonappearing grant. Otherwise the presumption stands as sufficient proof and establishes the right (*Yuba Cons. Goldfield* v. *Hilton*, 16 Cal.App. 228 [116

P. 712, 715]; *Costello* v. *Sharp*, 65 Cal.App. 152 [223 P. 567];
*Ricoli* v. *Lynch*, 65 Cal.App. 53 [223 P. 88]). If there is any
evidence which throws any light upon the question as to
whether the occupancy was under a license or a claim of right
it presents a question of fact, and a finding thereon is here
conclusive (*Wells* v. *Dias, supra* [57 Cal.App. 670 (207 P.
913)]; *Ricoli* v. *Lynch, supra*)." The several elements of
the rule have been declared in many cases. (See *McMorris* v.
*Pagano,* 63 Cal.App.2d 446 [146 P.2d 944]; *Stevens* v.
*Mostachetti,* 73 Cal.App.2d 910 [167 P.2d 809].)

There was ample evidence to support the finding in ques-
tion. There was evidence that from the time the pipe line
was installed the strip of land was used by defendants and
their predecessors as a roadway, for care and operation of
the water system, for the passage of wagons and other
vehicles during the irrigating season, and for the hauling of
oil during the smudging season. Such uses were continu-
ous during the entire period, were open and notorious and
were known to the plaintiffs for not less than 25 years.
Under the principles we have stated, such evidence required a
finding that the uses made of the land were adverse to the
rights of plaintiffs, in the absence of evidence that the use
was permissive only. As we have said, there was no evidence
that permission had ever been sought to use the strip, that
there had been any objection to its use by plaintiffs or their
predecessors, or that the matter had ever been discussed
between the owners of the two ranches. The finding, there-
fore, was properly based upon the presumption as to the
adverse nature of the use which arose from the proof of the
open and continuous use of the pipe line and roadway for
sufficient time to establish prescriptive title to the easement.
The evidence would not have supported a finding that the
use was permissive. The pipe line was laid beneath the surface
as a permanent installation. The natural inference would
be that defendants' predecessor understood, at the time the
pipe line was laid, that it was within the boundaries of his
own land, and that he had a right to maintain it in that
location. Under these circumstances he could not have believed
that he was acting under permission given by the owner of
the adjoining land. Plaintiffs and their predecessors, during
all of these years, did not know that the pipe line was within
the boundaries of their land. That fact was discovered when
a survey was made a short time before the institution of the

present action. Neither owner could have regarded the use of the land as permissive when neither would have understood from the facts then known that permission was necessary.

The judgment is affirmed.

Wood, J., concurred.

Vallée, J., deeming himself disqualified, did not participate.