[Civ. No. 4221.   Fourth Dist.   June 22, 1951.]

A. VAN AMERSFOORT et al., Respondents, v. T. B. YOUNG et al., Appellants.

Wm. Mackenzie Brown and Fred E. Lindley for Appellants.

Harry O. Juliani for Respondents.

MUSSELL, J.—Defendants appeal from a judgment permanently enjoining them from interfering with or in any manner preventing the free and unobstructed use by plaintiffs of a roadway across the lands of defendants.

The trial court found as follows:

1. That since the month of August, 1935, the plaintiff, A. Van Amersfoort, has been and now is the owner of an 80-acre tract of land lying northerly of defendants' land known as the "Hammond Ranch," which is situated easterly from the town of Encinitas, San Diego County, California.

2. That at the time of the purchase of said land by plaintiff there was a well defined roadway running from the county road at the west line of defendants' property in the easterly direction to and past the site of the old Hammond house on defendants' land, then turning north and running along the east side of an old fence, to the north line of defendants' property, and there entering upon the property of plaintiffs. (It was then stated that the road was 12 feet in width and the center line was particularly described.)

3. That from August, 1935, to the time of filing this action, the plaintiff used said roadway openly, notoriously and continuously for the purpose of going to and from his land, the 80 acres lying at the north of defendants' property, for the purpose of cultivating or improving said land.

4. That the use of the roadway aforementioned was not by permission or a license from the defendants or from any of their predecessors in interest of the Hammond ranch.

5. That during the month of March, 1949, the defendants placed barbed wire upon and across the roadway at the gate-opening, leading from defendants' land into plaintiffs' land, and thereby barred the plaintiffs from entering their land.

6. That plaintiffs were thus prevented from entering their property for the period of approximately 30 days, as a result of which their fruit trees upon said land were damaged for lack of care, in the sum of $30.

From the foregoing facts the court concluded that by the use of the said road openly, notoriously and adversely, for more than five years, commencing in the year 1935, the plaintiffs had acquired an easement by prescription in the described roadway; that said easement was acquired by the plaintiffs prior to the acquisition of the property by the defendants; that the defendants are entitled to maintain gates at the ends of the roadway in question and that the plaintiffs are entitled to the injunctive relief prayed for in the complaint.

The decisive question here involved is whether the findings and judgment are sufficiently supported by the evidence.

Plaintiffs' land, an 80-acre tract, abuts the defendants' land directly to the north thereof and was purchased by plaintiff A. Van Amersfoort in August, 1935, from one Richard M. Kimball. The defendants purchased their land during the spring of 1945 from the Elliott Company, which had acquired it from the Hammond family some time in 1932.

Plaintiffs testified that they had continuously used the road from 1935 until the fall of 1947, when they found a portion of it plowed by a tenant of the defendants; that for about two months thereafter they deviated slightly from the old road by reason of such plowing and then immediately began again to follow the entire course of the old road as they had done during the period since 1935; that their use of the questioned right of way was not by permission of the owner or of anyone else. Plaintiff A. Van Amersfoort testified that shortly after acquiring the 80 acres, he started to clear it and planted eucalyptus and pine trees on the south border; that he openly and continuously used the roadway in question to go to and from his land by automobile and from time to time planted fruit trees on the land, raised crops and in 1946 employed a crew of well drillers, who drilled a water well near the south line of his property.

Defendant Young testified that he made a thorough inspection of the Hammond property in 1944 and that there was no roadway running north from the site of the old Hammond farmhouse along the east side of the Hammond property. However, several of plaintiffs' witnesses, two of whom were members of the old Hammond family, who had lived on the Hammond ranch for many years, testified to the existence of the road and to its continuous and open use by the plaintiffs for nearly 14 years and the evidence is overwhelming that the roadway existed and was in fact used continuously, openly and without objection on the part of anyone by the plaintiffs until the defendant Young plowed up a portion of it during the winter of 1947-1948 and objected to plaintiffs' crossing the plowed area.

During the month of March, 1949, the defendants obstructed plaintiffs' use of the right of way and barred them from entering their land and the present action followed.

Defendants argue that the plaintiffs used the roadway in question under a permissive use and in support of this contention rely upon the testimony of Richard Kimball, whose uncle formerly owned the plaintiffs' property. Kimball testified that he, on several occasions, went over the land with

his uncle and that his uncle always asked Mr. Hammond's permission to cross the Hammond property to go to the land, which is now owned by the plaintiffs; that on one occasion he heard Mr. Hammond tell his uncle that a right of way would have to be on the extreme west line of the property because he didn't want them going through the ranch; that this statement was made in 1924 or 1925. However, Mr. Kimball stated that he did not tell the real estate broker who handled the sale of the property to plaintiffs nor did he inform the plaintiffs that his uncle's use was permissive only and there is no suggestion in the record that plaintiffs or either of them were ever informed of such a claimed permissive use except defendant Young's testimony that in 1945-1946 he gave plaintiffs' tenant, one Charles Lilliegreen, permission to cross the ranch for the purpose of putting in and harvesting a bean crop. This testimony was denied by witness Lilliegreen.

It is also argued by the defendants that the fact that one Roy Lux, who was manager of defendants' property for the prior owner thereof, during some five years until his death in March, 1944, also had a lease from the plaintiffs from 1937 to 1944, which fact interrupted the adverse user by the plaintiffs. However, the record shows that during all of the period of time when Lux was using a portion of plaintiffs' property, the plaintiff A. Van Amersfoort himself was continuing to openly, continuously and notoriously use the road for the purpose of access to and egress from his property and was actively engaged in the development thereof.

██ Whether the use of an easement is adverse and under a claim of right, or permissive and with the owner's consent, and the nature of the user is sufficient to put the owner on notice, are questions of fact. ██ If there is any substantial evidence to support the judgment, it must be affirmed.

██ All conflicts must be resolved in favor of the prevailing party and the evidence viewed in a light most favorable to him. (*O'Banion* v. *Borba*, 32 Cal.2d 145, 147-148 [195 P.2d 10].) In that case the court, in discussing the acquisition of easements by prescription concerning the presence or absence of a presumption that the use is under a claim of right adverse to the owner of the servient tenement, and of which he has constructive notice upon the showing of an open, continuous, notorious and peaceable use for the prescriptive period, said, at page 149:

''The preferable view is to treat the case the same as any other, that is, the issue is ordinarily one of fact, giving con-

sideration to all the circumstances and the inferences that may be drawn therefrom. The use may be such that the trier of fact is justified in inferring an adverse claim and user and imputing constructive knowledge thereof to the owner. There seems to be no apparent reason for discussing the matter from the standpoint of presumptions. For the trial court the question is whether the circumstances proven do or do not justify an inference showing the required elements. In the appellate court the issue is merely whether there is sufficient evidence to support the judgment of the trial court. . . .''

In *Adams* v. *Estate of Smith,* 88 Cal.App.2d 910, 912 [199 P.2d 730], it was said:

''The rule which governs was stated in *Pacific Gas & Electric Co.* v. *Crockett Land & Cattle Co.,* 70 Cal.App. 283, 291 [233 P. 370], as follows: 'Accordingly, it has been held in this state that where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown the law will presume the elements of hostile intent and that the use is adverse and under a claim of right (*Franz* v. *Mendonca,* 131 Cal. 205 [63 P. 361]; *Fleming* v. *Howard,* 150 Cal. 28 [87 P. 908]; *Clark* v. *Clark,* 133 Cal. 667 [66 P. 10]). If the other party relies upon the fact that these acts were permissive or in the nature of a license, or merely given as a matter of accommodation, it is incumbent upon him to rebut the presumption of a nonappearing grant. Otherwise the presumption stands as sufficient proof and establishes the right (*Yuba Cons. Goldfield* v. *Hilton,* 16 Cal. App. 228 [116 P. 712, 715]; *Costello* v. *Sharp,* 65 Cal.App. 152 [223 P. 567]; *Ricoli* v. *Lynch,* 65 Cal.App. 53 [223 P. 88]). If there is any evidence which throws any light upon the question as to whether the occupancy was under a license or a claim of right it presents a question of fact, and a finding thereon is here conclusive (*Wells* v. *Dias, supra* (57 Cal.App. 670 [207 P. 913]); *Ricoli* v. *Lynch, supra*).' The several elements of the rule have been declared in many cases. (See *McMorris* v. *Pagano,* 63 Cal.App.2d 446 [146 P.2d 944]; *Stevens* v. *Mostachetti,* 73 Cal.App.2d 910 [167 P.2d 809].)''

In *Murray* v. *Fuller,* 82 Cal.App.2d 400, 406 [186 P.2d 157], it was held that the use of a driveway by plaintiffs and their predecessors and their tenants without express permission amounted to trespass and afforded grounds for legal redress in favor of defendant's predecessors and it was, therefore sufficient to initiate a prescriptive title.

In the instant case the evidence was sufficient to sup-

port the inference that the adverse user of the roadway by the plaintiff had ripened into a prescriptive right and had already been established before the defendants acquired the Hammond property in 1945. The record shows that the plaintiffs had no other roadway by which they could reach their property and the evidence is sufficient to support the conclusion of the trial court that plaintiffs' use of the road in question was sufficient to establish a prescriptive title.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.