365 P.2d 952

Virgil O. SINNETT and Grayce L. Sinnett, Husband and Wife, Plaintiffs-Respondents,

v.

Stephen WERELUS and Ernestine Werelus, Husband and Wife, Defendants-Appellants.

No. 9004.

Supreme Court of Idaho.

Oct. 31, 1961.

Jayson C. Holladay, Pocatello, for respondents.

R. M. Whittier, Pocatello, for appellants.

KNUDSON, Justice.

Appellants are owners of residence property in the city of Pocatello which is bounded on the north by residence property owned by respondents. Both properties are bounded on the west by South Fourth Street and on the east by an alley. Prior to 1919 a dwelling, which faces west, was built on each of said lots.

A strip of ground approximately 10 ft. in width (hereinafter referred to as a "driveway") separates the two dwellings and the boundary line separating the two properties is located approximately in the center of said driveway. A garage exists in the rear on the easterly portion of each lot.

From 1919 to 1940 the driveway was used by the then owners of said properties to gain access to the garages at the rear of their respective homes, to make coal deliveries into their basements and for parking purposes.

In 1940 the then occupant of appellants' property erected a fence across a portion of the driveway, restricting the use of the full driveway. Said restriction continued for approximately a year and a half and was removed in about 1942.

During 1945 respondents' predecessor surfaced the driveway with concrete extending from the garage on respondents' property along the driveway between the two houses, from which point concrete strips were laid to the street providing a concrete surface for the wheels of a vehicle using the driveway.

From the time the obstructing fence was removed in 1942 until 1959 when this action was commenced, a common use of the driveway by the adjoining owners was continuous. In December, 1959, appellant undertook to remove some of the concrete surfacing and respondents brought this action seeking a permanent injunction restraining appellants from obstructing or interfering with respondents' use and enjoyment of the driveway, and a declaration of a perpetual easement along said driveway for the benefit of respondents, their heirs, assigns and successors in common with appellants, their heirs, assigns and successors. This appeal is taken from a judgment granting the relief prayed for.

Appellants contend that the court erred in entering judgment for the reason that the complaint does not state a claim upon which relief can be granted. The claimed deficiency of the complaint is that the land of appellants (which is involved in this

action) is not fully described, nor is the area of the alleged easement adequately described. Before answer appellants moved to dismiss this action "for the reason that the same does not state a cause of action upon which relief could be granted". The record does not show what appellants' contention in support of their said motion was. Appellants also moved for an order requiring respondents to make their complaint more definite and certain, however, a more particular description of appellants' property and the area of the claimed easement was not requested.

The property involved is described in the complaint as follows:

"That plaintiffs are the owners of the following described parcel of real property:

"Lot 17 and the northwesterly 25' of Lot 16, lying next to and adjoining said Lot 17, Block 303, Pocatello Townsite, Bannock County, Idaho, and that the street address thereof is 814 South Fourth Avenue, in the City of Pocatello, Idaho.

"That the defendants are the owners of an adjoining and adjacent parcel of real property, the same being a site immediately south of and next to and adjoining the property of plaintiffs', both parcels of real property facing along and upon South Fourth Avenue in Pocatello, Idaho."

The area covered by the claimed easement is described as follows:

. "That there is a driveway constructed of concrete which lies between the homes of both parties hereto, said driveway occupying a portion of both the plaintiffs' real property and the defendants' real property, and that said driveway has been in existence and in constant use for over twenty years."

There is no claim or showing that appellants were in doubt as to the identity of the area in controversy or that they were in any respect misled or prejudiced by the descriptions used in the complaint. Since the location of appellants' property and the area involved in this action is so described that a party familiar with the locality is able to identify the premises in controversy and in the absence of a request for a more specific and detailed description, we conclude that the description was sufficient as against the motion to dismiss.

By assignments of error I and III appellants challenge the sufficiency of the evidence to sustain the judgment. The right claimed in this action is an easement by prescription to use that portion of appellants' premises occupied by the driveway involved. Appellants contend that the provisions of I.C. § 5–210 (pertaining to acquisition of property by adverse possession) are controlling in this case and the great majority of Idaho cases cited by appellants

in support of their contention are cases involving the right to real property allegedly acquired by adverse possession. With this contention we do not agree.

■ While the expressions "title by prescription" and "title by adverse possession" are frequently used interchangeably, it should be noted that "prescription" applies only to incorporeal rights. "Prescription", strictly speaking, is regulated by the common law which has adopted the prescriptive period from an analogy to the statute of limitations, while "adverse possession" is regulated by statutory provision, 2 C.J.S. § 1, p. 512.

■ ■ The term "easement" has been variously defined and may be said broadly to be a privilege which the owner of one tenement has a right to enjoy over the tenement of another; a right which one person has to use the land of another for a specific purpose, or a servitude imposed as a burden upon land. 17A Am.Jur. 616, § 1. The following definitions are contained in Black's Law Dictionary, Fourth Edition, p. 599:

"Easement. A right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with a general property in the owner. Hollomon v. Board of Education of Stewart County, 168 Ga. 359, 147 S.E.

882, 884; Frye v. Sibbitt, 145 Neb. 600, 17 N.W.2d 617, 621."

"A privilege, service, or convenience which one neighbor has of another, by prescription, grant, or necessary implication, and without profit; as a way over his land, a gate-way, watercourse, and the like. Kitch. 105; 3 Cruise, Dig. 484. And see Harrison v. Boring, 44 Tex. 255, 267."

Under the provisions of I.C. § 5–210 protection by substantial enclosure and payment of taxes are essential to the successful assertion of title to land by adverse possession, however these requirements do not apply to an easement which is merely appurtenant to the dominant estate and is not taxable separate and apart from it. Humphreys v. Blasingame, 104 Cal. 40, 37 P. 804; Silva v. Hawn, 10 Cal.App. 544, 102 P. 952; Ferguson v. Standley, 89 Mont. 489, 300 P. 245; Bernstein v. Dodik, 129 Cal.App. 454, 18 P.2d 983.

The appellants also contend that in order to establish a prescriptive easement it is incumbent upon respondents to prove a hostile use of the area in controversy and in support of such contention cite the case of Swanson v. State, 83 Idaho 126, 358 P.2d 387. Said case is not in point for the reason that it was an action to *quiet title* to a strip of land basing the claim of title upon adverse possession.

The instant case involves rights arising from reciprocal use by adjoining owners of a strip of land approximately 10 feet wide along the boundary between lots owned by the respective parties for the purpose of a driveway for the benefit of both lots. The boundary line being located approximately midway of such driveway. We are not aware that the precise question here involved has ever been considered by this Court.

The evidence introduced by respondents is uncontradicted and from such evidence the trial court properly found, inter alia, that the driveway here involved was used in common by the parties and their predecessors, for parking, for access to garages, and for taking fuel into basement apertures of the adjoining homes; that such use was for a period of 21 years between 1919 and 1940 and again for 18 years between 1942 and 1960; that there was no written agreement pertaining to the joint and mutual use of such driveway; such use, during said periods, was without disagreement, interruption or interference until the action of appellants complained of in this case; that the mutual, common and reciprocal use of said driveway was open, notorious and visible; that during the year, 1945, concrete was laid along the base and lines of the common driveway by respondents' predecessors without contribution from appellants' predecessors.

■ Cases involving similar facts and claimed rights have been considered by the courts of many states and we are satisfied that the weight of authority is to the effect that, where adjoining property owners lay out a way or alley between their lands, each devoting a part of his own land to that purpose, and such way is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close the part which is on his own land. 28 C.J.S. Easements § 18, p. 673; Johnson v. Whelan, 171 Okl. 243, 42 P.2d 882, 98 A.L.R. 1096; Trueblood v. Pierce, 116 Colo. 221, 179 P.2d 671, 171 A.L.R. 1270; Adams v. Smith's Estate, 88 Cal.App.2d 910, 199 P. 2d 730; Plaza v. Flak, 7 N.J. 215, 81 A.2d 137, 27 A.L.R.2d 324. Under such circumstances the mutual use of the whole of the way or alley will be considered adverse to a separate or exclusive use by either party.

In Molene v. Tansey, 203 Iowa 992, 213 N.W. 759, 760, the Court had under consideration a case involving similar facts and said:

"We think it is sufficiently shown by the record that the use of the 8-foot strip along the division line between said two lots as a common driveway for the benefit of both lot owners, was established by mutual agreement and acquiescence for such a period of time that each party has acquired a right of easement in the said strip for common purposes of a driveway."

■ The claimant of the easement has the burden of proof, however, under the

522

general prevailing doctrine he is aided by a rebuttable presumption of adverse user, or of grant, when it is shown that the user was open, notorious and continuous without interruption for the prescriptive period. This principle has been regarded as especially applicable in cases in which the user is not shown to have originated in a particular agreement. 27 A.L.R.2d 340; Alstad v. Boyer, 228 Minn. 307, 37 N.W.2d 372; Adams v. Smith's Estate, supra.

■ The general rule is stated in 28 C.J.S. Easements § 68, p. 736, as follows:

"the general rule is that proof of an open, notorious, continuous and uninterrupted user for the prescriptive period, without evidence to explain how it began, raises a presumption that it was adverse and under a claim of right, or, as is sometimes stated, raises a presumption of a grant, and casts on the owner of the servient tenement the burden of showing that the user was permissive or by virtue of some license, indulgence, or agreement, inconsistent with the right claimed."

This Court has consistently adhered to such rule and in Eagle Rock Corp. v. Idamont Hotel Co., 59 Idaho 413, 85 P.2d 242, 249 quoted with approval the following:

"A presumption that the use was under a claim of right, and adverse, arises from an undisputed use of an easement for the established period of prescrip-

tion, and the burden is upon the party alleging that the use has been by virtue of a license or permission to prove that fact by affirmative evidence. An uninterrupted use for the requisite period unexplained is sufficient to establish a right by prescription and to authorize a presumption of a grant. After such period of enjoyment the owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party."

In Northwestern & Pacific Hypotheekbank v. Hobson, 59 Idaho 119, 80 P.2d 793, 796, this Court stated:

"The evidence is without conflict that the (roadway and bridge) were used by (respondent and its predecessor) uninterruptedly and continuously for more than the prescriptive period, *which raises a presumption that such use was adverse and under claim of right,* 19 C.J. 959; and there is no sufficient evidence * * * of parol license to overcome this presumption." (Emphasis inserted.)

See also, Taylor v. O'Connell, 50 Idaho 259, 295 P. 247; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Hogan v. Blakney, 73 Idaho 274, 251 P.2d 209; Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 270 P.2d 830; I.C. § 5–209.

One cannot acquire a prescriptive right in the property of another short of the period within which the statute of limitations will run. Deffenbaugh v. Washington Water Power Co., 24 Idaho 514, 135 P. 247; Lavin v. Panhandle Lumber Co., Ltd., 51 Idaho 1, 1 P.2d 186; Payette Lakes Protective Ass'n v. Lake Reservoir Co., 68 Idaho 111, 189 P.2d 1009. The prescriptive period applicable to an easement such as is here involved is as specified in I.C. § 5–203. In Ramseyer v. Jamerson, 78 Idaho 504, 305 P.2d 1088, 1093, this Court said:

"Respondent's uninterrupted and continuous use of the East Ditch for more than the prescriptive period of five years raises the presumption that his use was adverse and under a claim of right."

See also, Beasley v. Engstrom, 31 Idaho 14, 168 P. 1145; Last Chance Ditch Co. v. Sawyer, 35 Idaho 61, 204 P. 654

Appellants contend that there was no evidence of any adversity on the part of respondents or their predecessors and that there is evidence of permission having been granted by some of appellant's predecessors. There is some evidence which tends to support appellants' said contention. However, the witness (one of respondents' predecessors) whose testimony gave rise to such contention also testified as follows:

"Q. Were you ever party to an agreement or an understanding with Grimes or anybody before Grimes that this mutual use could be terminated at the will of either one of the two parties? A. No, sir.

"Q. No such agreement is known to you in writing or orally, is that correct? A. No, sir."

The trial court found that the use of the driveway was mutual, common and reciprocal as between the parties and their predecessors and was open, notorious and visible during the periods hereinbefore mentioned. The question as to whether the use of the driveway was under a claim of right or as a mere matter of neighborly accommodation was a question of fact to be determined by the trial court in the light of all the surrounding circumstances. Abbott v. Pond, 142 Cal. 393, 76 P. 60; Bernstein v. Dodik, supra. In the instant case the driveway had been surfaced with concrete for approximately 14 years before appellants undertook to terminate its use. The substantial character of improvements made in reliance on the use is ordinarily of some weight in support of the contention that the use was not merely permissive. 27 A.L.R. 2d 339.

The trial court concluded that the mutual use was not merely permissive but was such as did ripen into an easement in respondents by prescription and in fact into reciprocal and equal rights in the adjoining owners. There being competent

evidence to support the trial court's findings, they will not be disturbed on appeal.

Finally it is contended that an easement such as is here involved must be described with certainty as to dimension, route and course, and that the judgment entered herein fails to meet such requirement. This contention has merit. The judgment contains no description of the right of way involved, it merely refers to the finding of fact wherein the area in controversy is described in substantially the same manner as it is described in respondents' complaint.

A judgment must be definite and certain in itself, or capable of being made so by proper construction. It must fix clearly the rights and liabilities of the respective parties to the cause and be such as the parties may readily understand their respective rights and obligations thereunder. 49 C.J.S. Judgments §§ 72, 80, p. 191, 203. In Kosanke v. Kopp, 74 Idaho 302, 261 P.2d 815, 818, this Court said:

"A judgment which affects the title or interest in real property must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements thereof."

By reason of the inadequacy of the description of the area affected by the judgment, this cause is remanded to the trial court with directions to modify the judgment by setting forth therein with precision and particularity, the origin, course and dimension, on the ground, of the area affected by the easement established, with the right to take further testimony in this respect if deemed necessary. Any costs hereinafter incurred shall be assessed as directed by the trial court. As so modified the judgment is affirmed. No costs allowed.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.