In the Matter of the Registration of Lot No. 3397-R2 by MARIA MANIBUSAN ABANES; Lot No. 3397-2, by ROSARIO MANIBUSAN CAMPOS; and Lot No. 3397-1 by THE HEIRS OF JOSEFA MANIBUSAN SAN AGUSTIN, deceased, represented by VICENTE MANIBUSAN SAN AGUSTIN; all lots are situated in Inalado, Municipality of Sinajana, Guam, Appellees

v.

ELIZA CAMPOS EIBAN, Appellant

## Civil No. 71-A

## District Court of Guam

Appellate Division

## July 25, 1971

Before MUECKE,. *Designated Judge*, District Court of Guam; BURNETT, *Chief Justice*, Trust Territory of the Pacific Islands

## OPINION

Application for land registration of Lot No. 3397-2, Sinajana Guam, was filed by Appellee Mrs. Rosario Manibusan Campos; and Appellant Eliza Eiban appeared as oppositor claiming an easement in a coral road situated on the above lot, appurtenant to her Lot No. 3377. Appellant claimed that the owner of Lot No. 3397-2 knew or should have known of fifteen years of open, notorious, continuous, uninterrupted, adverse use of the road as the only means of ingress and egress to Lot No. 3377, and claimed that such use had matured into a perpetual prescriptive easement.

Evidence was taken and decision adverse to appellant was entered on October 1, 1970, and based upon said decision, a decree establishing title in appellees was entered October 2, 1970, and an amended decree establishing title was entered October 12, 1970. Appellant appeals from the two decrees.

The evidence clearly establishes peaceable, continuous, uninterrupted, and open use for the prescriptive period of

time and that appellee knew or should have known of this use; and the trial court apparently does not question the fact that these tests for prescription were met by appellant.

The trial court, however, concluded that the use of the roadway was "permissive" and ruled against appellant on this basis. The sole question in this appeal, therefore, is whether the trial court's finding of "permissive" use rather than use under a claim of right is clearly erroneous.

The decision stated the following evidentiary facts, all of which are amply supported by the evidence. This Eiban property is cultivated for her personal use and she goes to the land several times a week; the roadway was used by Eiban to reach her property for more than the statutory ten years; the owner of the servient estate had knowledge that this road was used by Eiban for ingress and egress to gather her crops; the roadway was established by the U.S. Marine Corps during World War II and was used by Eiban since 1952 for the purpose of gaining access to her property.

The decision is somewhat ambiguous on the question of whether or not the roadway is the sole means of access to appellant's property, since it states appellant's contention that "the roadway is the only means of ingress and egress" and "It was further shown that this was the only access to the property" (P. 2) and refers to no evidence or contention of any additional access. Yet the decision further states, "There was another access to the Eiban property by way of the northern boundary line." P. 4.

The finding of another access during the pertinent prescriptive period of time, if such were meant to be the trial court's findings, would be clearly erroneous. Attorney for appellees admitted during oral argument that there is no other access. A search of the record shows no evidence of any other access during the prescriptive period or at the present time. The testimony and contentions that the road-

204

way in question is the only access is not contradicted by any credible evidence. The testimony that a pre-war road which once existed to the north *no longer exists today* (Mrs. Eiban, Tr. 7-29-70, P. 45) is not contradicted.

Further evidence pertinent to the issue of "permissive" use shows that the husband of Appellant Theodore M. Eiban used the road once a week since 1952 in order to go to the beach or picnic, get dirt for flowers, and pick firewood. Tr. 7-29-70, P. 21. Said use continued until the road was blocked by a barricade in October, 1969. Tr. 7-20-70, P. 23. Elizabeth Campos Toves, appellant's niece, used the road from 1952 to 1969 to get to the beach (Tr. 7-29-70, P. 33–34); appellant used the road from 1952 to 1970; she used the road three or four times a week, sometimes every day, to haul water, to take care of her cow and chicken, to get dirt and cow manure and firewood. Tr. 7-29-70, P. 41–42. She used Lot No. 3377 for cultivating banana, coconut, pepper, and fruit trees; as well as for chickens and cows. Nobody ever stopped appellant's use of the road until April, 1970 when Mrs. Rosario M. Campos, owner of the property on which the roadway is located, told appellant that she was closing the road because she did not like Mrs. Eiban's niece and her niece's husband going into appellant's property. Tr. 7-29-70, P. 46.

The testimony of Mrs. Campos can most charitably be described as confused. She denied the existence of the road (Tr. 7-16-70, P. 41); stated that she never saw appellant use the road (Tr. 7-16-70, P. 40); and that she only saw appellant use the road twice (Tr. 7-16-70, P. 45). Mrs. Campos uses her property every day to feed her pigs. Tr. 7-16-70, P. 38. Mrs. Campos did not give appellant permission to go back and forth over her property. Tr. 7-16-70, P. 44.

The question of whether use is permissive or hostile is generally a question of fact for the trial court, and the

205

finding will be upheld if there is any substantial evidence to support it. *Van Amersfoot v. Young*, 232 P.2d 569 (1951).

The principal problem in this case, however, does not concern the weight which a trial judge gave to evidentiary facts, but rather the question of whether an incorrect legal standard was used in deriving the ultimate fact of "permissive" user from the evidentiary facts.

■ The trial court erred in failing to consider the fact that the roadway was the only outlet as a fact tending to show that the use was adverse. Even in wasteland, where there is a strong presumption that use is permissive, there is a strong body of case law to the effect:

"The use of a passway through unenclosed woodland and wastelands may be proven to be adverse where the passway in question was the only outlet to public highways available to the claimant thereof." 46 A.L.R.2d 1154, Par. 4, and the cases cited therein.

In *Van Amersfoot v. Young*, supra, a case factually close to this one, the California Supreme Court found that the fact that there was no other access other than the claimed easement was a pertinent fact to consider as supportive of a claim of adverseness, rather than permissive use.

Certainly, by the "reasonable man" test, a landowner whose neighbor uses his property as the *ONLY* means of access to the neighbor's land would have more reason to believe his neighbor is acting under a claim of right than the landowner whose neighbor passes through his property as an alternate route.

■ The trial court erred in its decision in including among the elements that must be shown for an easement by prescription that "... it must be exclusive." P. 3.

206

■ To make the test for a prescriptive access easement, the right to "exclusive" use, would be to virtually eliminate this kind of easement from our body of the law. *Bernstein v. Dodik*, 129 Cal.App. 454, 18 P.2d 983, 985 (1933) cited to support the trial court's statement that an easement by prescription must be "exclusive" is an excellent example of a non-exclusive prescriptive easement, thus:

"The use of said right of way by respondents and their grantors (claiming the easement) was not impaired by the enjoyment of a like right by appellants (owners of servient estate) and others."

There is no substantial evidence in this case to support a finding of permissive user. The trial court's finding that appellant paid no taxes on the road is correct, but this does not negate prescription in an easement.

■ The recent case of *Taormino v. Denny*, 83 Cal.Rptr. 359, 463 P.2d 711, 716 (1970) clearly establishes that the elements necessary to establish a prescriptive easement are identical to adverse possession, ". . . with the exception of the requirement that taxes be paid."

■ The only credible evidence in this case shows such actual, open, notorious, uninterrupted, continuous, peaceable use of a roadway as the only means of access to cultivated property for fifteen years as to make the adverse nature of the use the only reasonable inference. See *Jones v. Young*, 147 Cal.App.2d 496, 305 P.2d 286. The circumstances of the use gave the owner who visited daily, constructive notice that user was under a claim of right. A cause of action for trespass accrued to the owner, who having failed to take any action to protect her title for the ten-year statutory period, has now lost her right to protest.

Viewing the record as a whole, we find no substantial evidence to support the trial court's finding of permissive use. We hold, therefore, that the finding of permissive use is clearly erroneous, and that the appellant has a prescrip-

tive easement of egress and ingress going over a coral road on the property of Appellee Rosario Manibusan Campos. The decrees appealed from are therefore reversed and the case is remanded to the trial court for action consistent with this opinion.